## Richmond.

PENDLETON'S ADMINISTRATOR v. RICHMOND, FREDERICKSBURG
AND POTOMAC RAILROAD COMPANY.

January 18, 1906.

Absent, Cardwell, J.

1. DEATH BY WRONGFUL ACT—*Contributory Negligence of Deceased—
Case at Bar.*—In this action, which was to recover damages for
death by wrongful act, or neglect, conceding the negligence of the
defendant, the plaintiff's intestate was guilty of contributory negli-
gence which bars recovery. He was struck at a station by a train
he intended to board. When last observed he was approaching the
track diagonally. He was walking along with his head down, and
seemingly in a state of abstraction. He knew the train was coming.
He was going to meet it. It was plainly visible, and he had but to
lift his eyes and it could have been seen and the accident have been
avoided. He was a passenger and entitled to a high degree of care
from the railroad company, but this did not relieve him from the
duty of taking ordinary care for his own safety.

Error to a judgment of the Law and Equity Court of the
city of Richmond, in an action of trespass on the case. Judg-
ment for the defendant on a demurrer to the evidence. Plain-
tiff assigns error.

*Affirmed.*

The opinion states the case.

Jno. A. Lamb and Meredith & Cocke, for the plaintiff in
error.

*Leake & Carter,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This action was instituted to recover damages for the death of Thomas C. Pendleton, who died from injuries received at the town of Ashland, Virginia, while crossing the track of the defendant in error in order to take a train to the city of Richmond.

Upon the trial, there was a demurrer to the evidence, and the judgment of the Law and Equity Court upon that demurrer was for the defendant.

The railroad tracks at Ashland run about north and south. There are three tracks, that on the west, over which trains pass moving to the south; immediately to the east of that track, one over which trains pass moving north; and still further to the east a sidetrack, which is next to the station-house.

The injury complained of occurred on the 15th of October, 1903, about ten o'clock in the evening. The train which caused the accident was about ten minutes late, and there is evidence which tends to prove (and which, upon the demurrer to the evidence, must be held to have proved) that the train was running at a greater rate of speed than that prescribed by the ordinance of the town of Ashland; that it gave no warning of its approach by blowing its whistle or ringing its bell; and that the headlight upon the engine was feeble and dim. The railroad company, under these circumstances, it may be conceded, would be liable for damages, unless it can be shown that its negligence was not the proximate cause of the injury inflicted upon plaintiffs intestate, but that he was guilty of contributory negligence.

The decedent, upon the night in question, was at the depot awaiting with others the approach of the southbound train, intending to take passage for Richmond. It was, as we have said, about ten minutes late; and when those who were wait-

ing for it became aware of its approach, they left the depot, crossed the sidetrack, the northbound track, and the southbound track, in order to be in a position to board the train upon its arrival.    Pendleton was somewhat in the rear of the party, and it appears from the testimony of eye-witnesses to the occurrence that when last seen he was between the two principal tracks, with one foot raised over the east rail of the southbound track, but whether with the intention of stepping forward or moving back the witness was unable to say.    There was no obstruction to his view; the approaching train was plainly visible for a distance of not less than ————feet; and while the evidence shows that the headlight was an indifferent one, it also appears that the train could plainly be seen.    The deceased when last observed was approaching the southbound track diagonally—that is to say, the track running north and south while he was moving toward the southwest.    This is shown by the testimony and by the injuries which he received, which were upon the right side and shoulder, and to the rear.    It appears that he was walking along with his head down, and seemingly in a state of abstraction.    He knew the train was coming.    He was going to meet it.    It was plainly visible.    He had but to lift his eyes and it could have been seen and the accident have been avoided.

It was earnestly argued that his attention had been disarmed and his vigilance lulled to sleep by a colored man in the employment of the railroad, with whom he had conversed as to the train, its detention and probable time of its arrival.    The duty of this employee was to take the mail-bag, carry it across the tracks and put it upon the train, and when the southbound train approached, he with others passed in safety from the depot, and the decedent following this employee and others who were, like himself, intending to take passage upon the train, received the injuries of which he died.

These seem to us to be the controlling facts.    There is much other evidence in the case, but it was introduced to prove the

negligence of the road, which is conceded, or circumstances which we deem to be immaterial. The controlling facts in the situation are, that this unfortunate young man, who was entirely familiar with the locality, with the position of the tracks, and with the approach of the train, undertook to pass where others had passed in safety, and taking no thought for his own protection, walked heedlessly into the peril which he could so easily have avoided.

We have frequently held that when the question arises on a state of facts on which reasonable men may fairly arrive at different conclusions, the fact of negligence cannot be determined until one or the other of these conclusions has been drawn by the jury; that the inference to be drawn from the evidence must be either certain and incontrovertible, or it cannot be decided by the court; and that negligence cannot be conclusively established by a state of facts upon which fair-minded men will differ.

This case is so plain as to its facts that there can be no diversity of opinion as to them, and there is as little difficulty about the law. The deceased is to be regarded as a passenger and entitled to that high degree of care for his protection which is due from a common carrier of passengers; but this did not relieve him from the duty of exercising ordinary care for his own safety, and this it is manifest he did not do.

We are of opinion that there is no error in the judgment complained of, which is affirmed.

*Affirmed.*