Statement.

# Wytheville.

## SOUTHERN RAILWAY COMPANY v. DAVES.

June 11, 1908.

Absent, Keith, P.

1. INSTRUCTIONS—*Refusal—Jury Fully Instructed.*—It is not error to refuse instructions tendered on a proposition covered by other correct instructions already given.

2. RAILROADS—*Grade Crossing—Persons Approaching—Infants—Presumption.*—A railroad company cannot be held liable for the failure of its engineer to anticipate that a person, whether infant or adult, approaching a crossing is going to step upon the track immediately in front of a moving engine, unless there is something to suggest to the engineer that such person does not intend to remain in a place of safety until the train has passed.

3. RAILROADS—*Backing—Lookout—Negligence—Case at Bar.*—Whether or not it is negligence to run an engine or train of cars backwards without someone on the tender or foremost car to signal its approach to persons who may be on the track generally depends on the facts of the particular case, and is a question of fact for the jury. In the case at bar the absence of such a lookout was not negligence *per se.*

4. RAILROADS—*Injury at Grade Crossing—Failure to Give Signals—Proximate Cause.*—The failure of the engineer to ring the bell and sound the whistle of his engine when approaching a grade crossing does not entitle one injured at such crossing to recover of the railroad company unless such failure was the proximate cause of the injury.

Error to a judgment of the Circuit Court of Mecklenburg county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

Defendant's instructions rejected.

No. 1. "The court instructs the jury, that the law presumes that a child under nine years cannot be guilty of contributory negligence, but if they believe from the evidence that the plaintiff, Viola Daves, in running on the track in front of the engine, did not exercise such care for her own safety as children of her age and capacity ordinarily exercise, then they should find their verdict for the defendant.

No. 2. "The court instructs the jury, that if they believe from the evidence that there was nothing to show to the engineer that the child was not going to stop until it was too late for him to stop the train, then they should find their verdict for the defendant.

No. 3. "The court instructs the jury, that the happening of the accident does not give the plaintiff any right to recover in this action unless the jury believe from the evidence that the engineer could have seen the child and have known that it was not going to stop in time to stop the train and avoid the accident.

No. 4. "The court instructs the jury, that it is not the duty of the engineer of a railroad train to stop when he sees a person approaching the track. He has the right to assume that the person will stop and not go upon the track in front of a moving train in plain view, and unless there is something to show the engineer that the person approaching is not going to stop, the engineer owes no duty to stop the train.

No. 5. "The court instructs the jury, that it was the duty of the defendant to have an engineer on the engine where he could see the track ahead, but that such engineer need not be on the tender when the tender is in the lead."

Plaintiff's instructions given.

A. "The court instructs the jury, that the conduct of an infant is not of necessity to be judged by the same rules which

govern that of an adult; that while it is the general rule in regard to an adult or grown person that, to entitle him or her to recover damages from an injury resulting from the fault or negligence of another, he or she must have been free from fault, such is not the rule in regard to an infant of tender years. The care and caution required of a child is according to its maturity and capacity wholly, and this is to be determined by the circumstances of the case and the evidence before the jury, and the law presumes that a child between the ages of 7 and 14 years cannot be guilty of contributory negligence, and in order to establish that a child of such age is capable of contributory negligence, such presumption must be rebutted by evidence and circumstances establishing her maturity and capacity, and the burden is on the defendant to overcome this presumption.

B. "The court instructs the jury, that a railroad running and operating its trains over a crossing over a public road in a village or at a railroad station, which is daily frequented as a driveway or footway by the inhabitants of the village or station, as well as by other persons, for purposes of travel or business, must use greater care and diligence to prevent injury to persons and property than is required of them in running and operating their trains in less frequented localities, and that the neglect of such precautions as are necessary and proper under the peculiar surroundings and circumstances of the locality constitutes negligence, for which the railroad company is liable, unless the plaintiff fails to exercise such a degree of care and caution as under the circumstances might reasonably be expected from one of her age and intelligence.

C. "The court instructs the jury, that it is the duty of a railroad, when running an engine or train backward, to use special precaution to avoid injury to persons using the public highway crossing the railroad track, such as ringing the bell, sounding the whistle, and having a lookout on the tender, or that portion of the train which is in front, and the failure of said railroad

to use such special precaution is such negligence as will render it liable in damages for any injuries inflicted upon anyone so using the highway as aforesaid, unless such person was guilty of contributory negligence.

D. "The court instructs the jury, that if they believe from the evidence in the case that the plaintiff was run over and seriously injured, as alleged in the declaration, by a train of the defendant company, which was running backward, with tender in front, and only a caboose attached in rear, up a steep grade, at a public highway crossing, and if they believe from the evidence that such accident and injury could have been avoided by the defendant company if there had been a lookout stationed on the tender or front end of the said train, or if the engineer or fireman in charge of said engine had kept a proper lookout in the direction in which said train was running, then they must find for the plaintiff, unless they shall believe from the evidence that the plaintiff, although only between the age of 7 and 14 years, was of sufficient intelligence and capacity as to be guilty of contributory negligence in bringing about said accident and injury.

E. "The court further instructs the jury, that if they shall believe from the evidence that the engineer in charge of the engine or the fireman on the engine saw, or could have seen by the exercise of ordinary care, that the plaintiff was intending to cross the track in time to stop or slow down the train, so as to avoid striking her, and that he failed to exercise such care, and that the injury complained of resulted from such failure, they must find for the plaintiff, unless they shall also believe that she failed to exercise such a degree of care and caution as under the circumstances might reasonably be expected from one of her age and intelligence.

F. "The court instructs the jury, that if they believe from the evidence that at the public crossing described in the evidence where the plaintiff was injured, the agents of the defendant company in charge of the moving train saw the plaintiff in

a position of danger, or by the use of diligence might have seen her, and failed to exercise proper care and due diligence to stop the train and prevent it from striking her, then the said defendant company is liable, and the jury should find for the plaintiff, unless they believe from the evidence that the plaintiff failed to exercise such a degree of care and caution as under the circumstances might reasonably be expected from one of her age and intelligence.

G. "The court instructs the jury, that if they believe from the evidence that the defendant company is liable in this action, then, in estimating the damages due to the plaintiff, they shall take into account the bodily injury, if any, sustained by her, the pain and suffering occasioned by such injury, the effects on her health according to its degree and its probable duration as being temporary or permanent, and such pecuniary loss as she will probably sustain by reason of any disability existing now, or which may probably hereafter result from the injury, to perform remunerative labor or maintain and support herself.

H. "The court instructs the jury, that the law presumes that a child under 9 years of age cannot be guilty of contributory negligence, but if they believe from the evidence that the plaintiff, Viola Daves, in running on the track in front of the engine, failed to exercise such a degree of care and caution for her own safety as under the circumstances might reasonably be expected from one of her age and intelligence, then they should find for the defendant.

I. "The court instructs the jury, that the happening of the accident complained of does not give the plaintiff any right to recover in this action, unless they shall believe from the evidence that the agents of the company in charge of the train, or either of them, saw the plaintiff in a position of danger, or by the use of diligence might have seen her, and failed to exercise proper care and due diligence to stop the train and prevent it from striking her."

*Williams & Tunstall,* for the plaintiff in error.

*C. J. Faulkner,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

On the 19th of February, 1906, an engineer and fireman of the defendant railway company left Lawrenceville, on the main line of the company's road, with an engine and caboose, for Jeffress, on the same line, to get a train of cars standing at the latter point. The engine was moving backwards, with the tender in front and the caboose car behind. As the engine approached the public crossing at Union Level, a station on the road, the engineer and fireman saw two negro children, one nearly eight and the other nearly ten years of age, about one hundred and fifty yards from the crossing, and running rapidly in that direction. The children were not again seen by those in charge of the engine until within a few feet of the crossing, when they were discovered springing on the track immediately in front of the moving engine. The older child succeeded in clearing the track, but the younger was caught and severely injured.

This action was brought by the injured child, suing by her father and next friend, to recover damages for the injuries sustained by her, which it is alleged were inflicted through the negligence of the defendant railway company. The trial in the circuit court resulted in a verdict and judgment in favor of the plaintiff, and thereupon this writ of error was awarded the defendant company.

The defendant asked for five instructions, all of which were refused. Of these instructions, Nos. 1, 2 and 3 were properly refused, because the propositions of law sought to be thereby announced were fully covered by the instructions given for the plaintiff. Instruction No. 5 was also properly refused,

because it was involved and the meaning so obscure that it was well calculated to confuse and mislead the jury.

We are of opinion that it was error to refuse instruction No. 4, asked for by the defendant.

That instruction was as follows: "The court instructs the jury, that it is not the duty of the engineer of a railroad train to stop when he sees a person approaching the track. He has the right to assume that the person will stop and not go upon the track in front of a moving train in plain view; and, unless there is something to show the engineer that the person approaching is not going to stop, the engineer owes no duty to stop the train."

It is conceded that this instruction correctly states the law in the case of an adult plaintiff of average intelligence, but it is insisted that it is not the law where the plaintiff is an irresponsible child.

The instruction in question was not dealing with the contributory negligence of the plaintiff; that subject had been fully covered in the instructions given for the plaintiff. Instruction No. 4 was dealing solely with the alleged negligence of the defendant company in approaching the crossing.

In Shearman & Redfield on Neg., sec. 463, it is said: "If the engineer sees persons or teams approaching or waiting to cross the railroad, he is not bound to anticipate that they will attempt to cross in view of the train; and, therefore, he is not usually required to check his speed so much as would be necessary to enable them to cross in front of him."

That a person approaching a railroad crossing will stop and not go upon the railroad track immediately in front of a moving engine in plain view, is a presumption that arises in the case of a child eight years old, running along the public road, as well as in the case of an adult, provided there is nothing in the situation to put a reasonably prudent man on his guard to use extraordinary care to avoid a collision. There must be something in the situation or appearance of things to suggest that

the child is not going to stop, otherwise the failure of the engineer to stop the train is not negligence.  In other words, the railroad company cannot be held liable for the failure of its engineer to anticipate that a person, whether infant or adult, approaching a crossing, is going to step upon the track immediately in front of a moving engine, unless there is something to suggest to the engineer that such person does not intend to remain in a place of safety until the train has passed.  If it were the duty of a railroad company to stop its trains whenever it saw children running in the direction of a public crossing, the public service would be reduced to a wholly inadequate degree of efficiency.

In the case at bar, the engineer and fireman both testify that when the plaintiff was seen by them running along the public road in the direction of the crossing, it never occurred to either of them that her purpose was to attempt to cross the track in advance of the engine; that it was a common thing—an everyday experience—to see children running to a passing train; and that such occurrences never suggested the idea that the children were going to put themselves in a position of danger. After the children were seen the first time, they were not observed again by the engineer and fireman until they were seen jumping on the track not more than four feet in front of the moving engine, when it was too late to do anything to avert the accident.

The plaintiff asked for nine instructions, all of which were given, over the protest of the defendant.

Instruction "C," given for the plaintiff, was as follows: "The court instructs the jury, that it is the duty of a railroad, when running an engine or train backward, to use special precaution to avoid injury to persons using the public highway crossing the railroad track, such as ringing the bell, sounding the whistle, and having a lookout on the tender, or that portion of the train which is in front, and the failure of said railroad to use such special precaution is such negligence as will render

it liable in damages for any injuries inflicted upon any one so using the highway, as aforesaid, unless such person was guilty of contributory negligence."

It has been held by this court that it is the duty of a railroad company to have a lookout on the leading car of a train backing over a crossing in a frequented street; and that under such circumstances ringing the bell and sounding the whistle was not sufficient. *Marks* v. *Petersburg R. Co.,* 88 Va. 1, 13 S. E. 299. The circumstances of the case at bar are wholly different. There was only an engine running backward with nothing in front of the engineer but the tender. The crossing approached was practically in the open country, only three or four houses about the station, with nothing to obstruct the view of the traveler on the highway, or the view of the engineer. A lookout on the tender could only have seen what the engineer saw—the children running toward the track; and it is difficult to understand how such a lookout would have been able to fathom the mind of the children any more readily than the engineer did, and to have anticipated that they intended to rush into a position of peril.

Whether it is negligence or not for the servants of a railroad company to run an engine backwards or push cars ahead of an engine without stationing some one on the tender, or foremost car, to signal its approach to a person who may be on the track, is a question which is controlled by the circumstances under which the engine or train is operated. Under some circumstances, the act has been held to be negligence as a matter of law, but in most cases it has been held to be a question of fact to be submitted to the jury. 23 Am. & Eng. Ency. of Law, 745.

Instruction "C" tells the jury that it was the duty of the defendant to have a lookout on the tender, and that its failure to take the special precaution of having such lookout was negligence, rendering the company liable in damages to any one injured while using the highway who was not guilty of contribu-

tory negligence. This was error. There was nothing in the facts and circumstances to justify the conclusion that as matter of law it was the duty of the defendant to have a lookout on the tender.

This instruction is further erroneous, because it tells the jury that the failure to ring the bell and sound the whistle was negligence for which the defendant was liable. This is not true, unless the jury believed that there was a failure to ring the bell and sound the whistle, and further believed that such failure was the proximate cause of the accident.

Instruction "D," given for the plaintiff, is amenable to the same objection pointed out with respect to instruction "C," and for similar reasons should have been refused.

The remaining instructions, given for the plaintiff, appear to be without prejudice to the defendant company.

In regular order, the demurrer to the declaration should have been first considered. It is only needful to say, that, tested by familiar principles, the declaration sufficiently states a cause of action, and the demurrer thereto was, therefore, properly overruled.

For the error of the circuit court in refusing to give instruction No. 4, asked for by the defendant, and in giving instructions "C" and "D" for the plaintiff, the judgment complained of must be reversed, the verdict of the jury set aside, and a new trial granted.

*Reversed.*