Richmond.

## FRANCIS AND OTHERS V. TAZEWELL AND OTHERS.

January 11, 1917.

1. SLAVES—*Legitimacy of Children—Annulment of Marriage.*—The act of February 27, 1866, Code of 1904, section 2227, declared that: "Where colored persons prior to February 27, 1866, agreed to occupy the relation * * * of husband and wife, and were cohabiting together * * * at that date, whether the rites of marriage had been celebrated between them or not, they shall be deemed husband and wife, and be entitled to the rights and privileges, and subject to the duties and obligations of that relation in like manner, as if they had lawfully married; and all their children shall be deemed legitimate, whether born before or after said date. And where the parties had ceased to cohabit before February 27, 1866, in consequence of the death of the woman, or from any other cause, all the children of the woman, recognized by the man to be his, shall be deemed legitimate." Under these provisions, . where a man and woman, both slaves, agreed to occupy the relation to each other of husband and wife and in pursuance of that agreement cohabited together prior to February 27, 1866, the subsequent abandonment after the passage of the act, of the woman by the man for unfaithfulness could neither dissolve the marriage nor affect the legitimacy of . the children of the marriage.

2. SLAVES—*Legitimacy of Children—Annulment of Marriage.*— Neither husband nor wife, nor indeed both acting in concert, could by abandonment or other act dissolve the bond of the pre-existing marriage. But if that were possible, or even if the marriage had been dissolved by a decree of a court of competent jurisdiction in a suit brought for that purpose, it · could in no wise have affected the legitimacy of the children.

3. SLAVES—*Act of February 27, 1866—Concubinage.*—The statute does not apply to cases where the cohabitation is a purely meretricious connection. There must have been a *bona fide* agreement, express or implied, between the parties to live together as man and wife.

Appeal from a decree of the Circuit Court of Northampton county. Decree for the defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Otho F. Mears,* for the appellants.

*Thos. H. Nottingham* and *J. T. Wilkins, III,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is a controversy over the estate of Benjamin Tazewell, deceased, between appellants, a brother and sister, and the children of a deceased sister of decedent, plaintiffs, and appellees, Thoroughgood Tazewell, the son, and the children of Cora Winder, deceased, who was the daughter of decedent, defendants.

The parties are negroes, and the son and daughter of decedent were the offspring of what is claimed to have been a legalized marriage between him and Emily Smaugh, by virtue of an act of the General Assembly passed February 27, 1866.

The question of heirship was referred to a commissioner in chancery, whose finding in favor of the legitimacy of the children was approved and confirmed by the court. From a decree awarding the property to the defendants the plaintiffs appealed.

The act in question (now section 2227 of the Code) declares that, "Where colored persons prior to February 27, 1866, agreed to occupy the relation * * *of husband and wife, and were cohabiting together * * * at that date, whether the rites of marriage had been celebrated between them or not, they shall be deemed husband and wife, and be entitled to the rights and privileges, and subject to the duties and obligations of that relation in like manner, as if they had lawfully married; and all their children shall be deemed legitimate, whether born before or

after said date. And where the parties ceased to cohabit before February 27, 1866, in consequence of the death of the woman, or from any other cause, all the children of the woman, recognized by the man to be his, shall be deemed legitimate."

This legislation was rendered necessary to meet the abnormal condition that existed among the colored race in consequence of the abolition of negro slavery in the South as a result of the Civil War.

Without this enabling act, slave-marriages which largely obtained among that class of the population were invalid, because, being slaves, the parties were incapable to make any contract, including that of marriage. When, therefore, these former slaves were emancipated and clothed with the rights and privileges of citizenship, the good order of society demanded that these inchoate marriages should be recognized as lawful and the children legitimated. And the right of children of slave-marriages to inherit property from the father was regarded of sufficient consequence to be expressly secured both by the Constitutions of 1869 and of 1902 (Constitution of Virginia, 1869, sec. 9, Art. &I; and sec. 195, Art. XIV, of the present Constitution).

The evidence justified the conclusion reached by the commissioner and the circuit court, that Benjamin Tazewell and Emily Smaugh (both of whom were slaves) agreed to occupy the relation to each other of husband and wife, and in pursuance of that agreement cohabited together prior to February 27, 1866; that the appellee, Thoroughgood Tazewell and Cora Winder were the children of that union, and were always acknowledged by Benjamin Tazewell as his children.

Subsequently, in the year 1863, Benjamin Tazewell left his home in Northampton county and enlisted as a soldier in the Federal army. Upon his return from the army, in July, 1866, he sought his wife and children; but discover-

41

ing that the wife was *enciente* by another man, he abandoned her, and in December following married another woman. He took his two children to his home to live with him, and nurtured and maintained them until they were old enough to provide for themselves, and always regarded them as his own children.

In these circumstances, appellants insist that the conduct of Benjamin Tazewell and the woman, Emily, after his return from the army amounted to a mutual abandonment of their former relations, and that their children are not within the protection of the statute and are illegitimate.

This contention is utterly untenable. Having once reached the conclusion that Benjamin Tazewell and Emily Smaugh were lawfully married within the contemplation of the act of February, 1866, it is obvious that neither husband nor wife, nor indeed both acting in concert, could by abandonment or other act dissolve the bond of the pre-existing marriage. But if that were possible, or even if the marriage had been dissolved by a decree of a court of competent jurisdiction in a suit brought for that purpose, it could in no wise have affected the legitimacy of the children.

Section 2554 of the Code prescribes that, "The issue of marriages deemed null in law, or dissolved by a court, shall nevertheless be legitimate."

The case of *Francis* v. *Francis*, 31 Gratt. (72 Va.) 283, 289, is conclusive authority for affirming the decree under review. Judge Staples, in delivering the opinion of the court in that case, at page 289, observes: "My opinion, therefore, is that the circuit court did not err in holding that the appellee was, under the act of February, 1866, the lawful wife of the appellant at and after the passage of that act, and the appellant could no more release himself of the duties and obligations of that position by any act of his than he could if he had been legally united to the appellee

by the rites of matrimony." See also *Fitchett and others* v. *Smith's Admr., &c.,* 78 Va. 524; and *Smith* v. *Perry, Admr., &c.,* 80 Va. 563.

The case of *Patterson* v. *Bingham,* 101 Va. 372, 43 S. E. 609, is relied on to reverse the decree. But there, upon the facts, the court was of opinion that it was not a case of intended marriage within the meaning of the act, but of concubinage merely. Of course, the statute does not apply to cases where the cohabitation is a purely meretricious connection. There must have been a *bona fide* agreement, express or implied, between the parties to live together as man and wife.

The decree is plainly right and must be affirmed.

*Affirmed.*