# Wytheville.

## C. T. BARKSDALE, ADMINISTRATOR OF AGNES TERRELL, DECEASED, v. SOUTHERN RAILWAY COMPANY.

### June 13, 1929.

The opinion states the case.

*Meade & Meade*, for the plaintiff in error.

*Thomas B. Gay* and *Harris, Harvey & Brown*, for the defendant in error.

WEST, J., delivered the opinion of the court.

The plaintiff in error, C. T. Barksdale, administrator of Agnes Terrell, deceased, called plaintiff, complains of a judgment against him in favor of Southern Railway Company, defendant in error, called defendant, in an action to recover damages for the death of Agnes Terrell.

Among the material facts are these: The defendant owns and operates a railroad as a common carrier of passengers and freight from Richmond to Danville through Pittsylvania county, Virginia, passing Sutherlin station. For many years Agnes Terrell had been going to Danville on each Saturday morning on an early train which left Sutherlin about 3:15 a. m. Sutherlin was not a regular but only a flag stop for this train, and the defendant was not required to keep a ticket agent, or other representative, on duty there at that early hour.

The main line track at Sutherlin runs practically east and west, Danville being towards the west from Sutherlin. Approaching Sutherlin from Richmond, the

main line is on a two per cent curve towards the south.
The station and waiting room at Sutherlin are south of
the main line track.   Next to the station there is a
siding, over which box cars can be shoved close to the
station platform for unloading into the freight room.
About eight feet distant is the main line track and
beyond that is a gravel platform built at an elevation
for the use of passengers in boarding the trains.   Pas-
sengers, who come to Sutherlin to board the train, are
invited and expected to use this platform in getting off
and on defendant's trains.   In passing from the wait-
ing room to the boarding platform passengers are
necessarily required to cross the rails of both the side
track and the main line.   This walk-way is not paved
or otherwise leveled up.   The tracks of the company
in approaching Sutherlin from Richmond not only
curve, but pass through a deep cut, so that passengers
at the station, on the inside of the curve of the main
track, can see trains approach from the cut 600 feet
away when the track is clear, and can see them 270
feet away with box cars on the siding four feet from the
public crossing at the station.

On December 17, 1927, without knowledge that the
company had left from one to four box cars on the sid-
ing in about seventy feet of the walk-way from the
station to the boarding platform, Agnes Terrell and
other passengers were in the station at Sutherlin
waiting the arrival of the 3:15 a. m. train for Danville.
When the train was announced Gabe Lawson, who was
in the waiting room, left the room behind Agnes Terrell
and proceeded across the tracks to the boarding plat-
form and down the same for a distance of eighty feet
where he flagged the train.   Gabe Lawson's wife also
crossed the tracks in safety.   Of the remaining pas-
sengers, Agnes Terrell was the only one to attempt to

cross the tracks immediately in front of the train. She was encumbered with baskets and packages and either stumbled and fell in front of the train or was knocked down by the train and received serious injuries from which she died.

The plaintiff contends that defendant's injuries were occasioned by the defendant's failure to provide his intestate with a reasonably safe approach to its trains in the night time.

The defendant filed a plea of not guilty and relied upon the contributory negligence of the plaintiff's intestate.

At the conclusion of the taking of the evidence for each side, the court, on motion of the defendant, struck out all of the evidence, on the ground that Agnes Terrell was guilty of contributory negligence and could not recover. Thereupon the jury returned a verdict for the defendant upon which the court entered judgment.

The action of the court in striking out the evidence for the plaintiff is the only assignment of error relied on by the plaintiff.

This assignment involves some consideration of the defendant's primary negligence and the plaintiff's contributory negligence.

The plaintiff's notice of motion alleges that defendant failed to use ordinary care to keep the approaches from its passenger station at Sutherlin to its boarding platform, from which its passengers were invited and required to board its cars, in a reasonably safe condition. It is conceded that the defendant was charged with this duty and there is evidence tending to prove that the defendant was guilty of negligence in failing to discharge its duty to the plaintiff in that respect.

■ Notwithstanding the negligence of the defendant, the plaintiff cannot recover where his injury is the proximate result of his stepping upon the track in full view and immediately in front of a moving train.

In *Washington, etc., Ry.* v. *Struder*, 132 Va. 368, 111 S. E. 239, West, J.; speaking for the court, quotes with approval from Sims, J., in *Wilmouth's Adm'r* v. *Southern Ry.*, 125 Va. 520, 99 S. E. 668, as follows: " 'The conduct of the plaintiff's intestate in stepping upon the track in front of such visible danger, almost immediately upon him, must, under all the authorities, be regarded as negligence *per se*, which was the proximate cause of his · death.' " Citing Thompson on Neg., 1666, 1667, 1672.

"It is contended by defendant in error that plaintiff's intestate was on the premises of the defendant company by its invitation to become a passenger on its trains, and that she had a right to assume that the railroad company would so operate its trains as not to put her in peril, and that in such cases the *strict rule* as to *looking and listening* does not apply.

■ "It is true that passengers going to or from railway trains, at railroad stations, may rely upon the railway company to use ordinary care to protect them against injury from the operation of its trains, but this puts upon the passenger the corresponding duty to use ordinary care to protect himself, and a failure to use such care on his part is negligence." See also *Pere Marquette Ry. Co.* v. *Strange*, 171 Ind. 160, 84 N. E. 819, 85 N. E. 1026, 20 L. R. A. (N. S.) 1041; *St. Louis Ry. Co.* v. *Woods*, 96 Ark. 311, 131 S. W. 869, 33 L. R. A. (N. S.) 885.

■ Upon the record in the instant case, was the plaintiff's intestate guilty of contributory negligence as

■

a matter of law which will bar her recovery? This question must be answered in the affirmative.

It plainly appears, without contradiction, that Agnes Terrell, in full view of the headlight of the locomotive and in full possession of all her faculties, stepped on the railroad track immediately in front of the oncoming train, was struck by the engine and received injuries which resulted in her death. She was clearly guilty of contributory negligence as a matter of law and cannot recover damages for the injuries sustained by her.

The negligence of the plaintiff's intestate being the proximate cause of her death, it is immaterial that there are some slight conflicts in the details of the evidence, or that the defendant was negligent. Certain it is that fairminded men cannot differ upon the question of negligence of Agnes Terrell being the proximate cause of her death. In attempting to cross the track in the manner and under the circumstances stated, she was gambling with death and lost. She was in a place of safety between the switch track and the main line. She had only to remain where she was and board the train in safety, after it had come to a stop, as other passengers did.

On the question of the negligence of the plaintiff's intestate, the cases of *Pendleton's Adm'r* v. *Richmond, F. & P. R. Co.*, 104 Va. 813, 52 S. E. 574; *Gordon's Adm'r* v. *Director General*, 128 Va. 431, 104 S. E. 796; and *Washington, etc., Ry. Co.* v. *Struder*, 132 Va. 368, 111 S. E. 239, are in point and controlling here.

The facts in the *Pendleton Case* are almost identical with the facts in the instant case. He, with others, was at the station in Ashland waiting to board the train for Richmond. When last seen he was between the two principal tracks walking towards and across

the southbound track. He was struck by a train on that track in full view of him. Judge Keith, in the course of his opinion in that case, at page 816 of 104 Va. (52 S. E. 575), said: "The controlling facts in the situation are, that this unfortunate young man, who was entirely familiar with the locality, with the position of the tracks, and with the approach of the train, undertook to pass where others had passed in safety, and taking no thought for his own protection, walked heedlessly into the peril which he could so easily have avoided.

"We have frequently held that when the question arises on a state of facts on which reasonable men may fairly arrive at different conclusions, the fact of negligence cannot be determined until one or the other of these conclusions has been drawn by the jury; that the inference to be drawn from the evidence must be either certain and incontrovertible, or it cannot be decided by the court; and that negligence cannot be conclusively established by a state of facts upon which fair minded men will differ.

"This case is so plain as to its facts that there can be no diversity of opinion as to them, and there is as little difficulty about the law. The deceased is to be regarded as a passenger and entitled to that high degree of care for his protection which is due from a common carrier of passengers; but this did not relieve him from the duty of exercising ordinary care for his own safety, and this it is manifest he did not do."

In the *Gordon Case, supra,* the facts and the law are stated by Judge Prentis as follows: "Taking up first the contention of the defendant company, we have no doubt whatever that if the facts are as presented by the defendant's witnesses, it cannot be questioned that Mrs. Gordon is herself responsible for her sudden and

deplorable death. Certainly there is no doubt as to this conclusion, which is supported by reason and authority. Even if there be some antecedent negligence by those operating a railway train, still if one who is in the full possession of his faculties steps upon a railroad track in full view of and immediately in front of a rapidly approaching train and thus meets death, his administrator cannot recover, because the decedent's own negligence is the proximate cause thereof. There is evidence in this case to justify this version of the fatality, and the defendant was entitled to have it presented to the jury in the instructions. We cannot accede to the contention for the plaintiff, that, because in alighting from the northbound train Mrs. Gordon was forced to alight next to the southbound track, therefore she can be excused for remaining upon the southbound track, or in such close proximity thereto, as to be struck by a passing train thereon, when it appears that she had ample opportunity to get to a position of safety as all the other passengers who alighted from the same train did on this occasion. While there may be circumstances under which a pedestrian is forced to occupy such a position of danger, and hence is not negligent, he cannot escape the imputation of negligence if he continues to occupy it when it is unnecessary to do so. It is but the work of an instant for a pedestrian to see and to realize his danger under such circumstances, and requires only a step or two to reach a place of safety. So that the first contention of the plaintiff—that is, that Mrs. Gordon was guilty of no negligence, or that the jury might determine from the evidence whether she was or was not negligent, is unsound. Her negligence is manifest. The trial court properly so instructed the jury, and it is not necessary to cite authority therefor

to support the ruling, for it is firmly based upon justice and right reason, and we believe that it is everywhere accepted."

In the *Struder Case, supra,* Miss Struder was well acquainted with the conditions surrounding St. Elmo station where she boarded the train. There were two parallel tracks. She was attempting to cross the eastbound track when injured. West, J., who delivered the opinion of the court, quoted with approval from the opinion of the court in the *Gordon Case* as follows: "If one who is in the full possession of his faculties steps upon a railroad track, in full view of and immediately in front of a rapidly approaching train, and meets death, his administrator cannot recover because the decedent's own negligence is the proximate cause thereof."

In the course of the opinion in the *Struder Case* this is said: "Upon the whole record, for the foregoing reasons, we are of the opinion that the plaintiff in error was guilty of no negligence which was the proximate cause of the injury complained of, and that the contributory negligence of the plaintiff's intestate was the direct and proximate cause of her death, and bars a recovery."

Did the court commit error in striking out the evidence in the instant case?

In *Meade* v. *Saunders,* 151 Va. 636, 144 S. E. 711, decided in September, 1928, the court said: "The facts presented by this record fail to make out a case for the consideration of a jury, and the learned presiding judge at the trial could very properly have refused to give any instruction for the plaintiff; by hypothetically stating the facts of the case as proved, instructed the jury that if they believed them to find for the defendant; or at the instance of defendant might have

stricken out the plaintiff's evidence. *Davis* v. *Rodgers,* 139 Va. 618, 124 S. E. 408.''

The right and power of the court to strike out all the evidence produced at the trial are .defined by this court, speaking through Judge Burks, in *Limbaugh* v. *Commonwealth,* 149 Va. 393, 140 S. E. 135, as follows: ''The trial court can strike out evidence that is relevant only where, after giving full faith and credit to the witnesses and drawing all inferences from their testimony that a jury might fairly draw therefrom, it plainly appears that the trial court would feel compelled to set aside a verdict found in accordance therewith.''

After giving to the evidence introduced at the trial of the instant case the weight required by the language of Judge Burks, above quoted, we are of the opinion that we would have been compelled to set aside any verdict found in accordance therewith, if the evidence had not been stricken out. It follows that the action of the court in striking out the evidence was not error.

Section 6003 of the Code prohibits the trial courts from directing verdicts. In *Small* v. *Virginia Ry. & P. Co.,* 125 Va. 416, 90 S. E. 525, this court held that the statute applies only to peremptory instructions which direct what verdict the jury shall render. At page 426, 99 S. E. 527, the court says: ''The statute against peremptory instructions is not to be construed as applying to cases in which the verdict of the jury depends necessarily and exclusively upon a question of law, such, for example, as the legal effect of a deed or contract (*Forest View Land Co.* v. *Atlantic Coast Line R. Co.,* 120 Va. 308, 314, 91 S. E. 202); nor is it to be construed as reinstating the scintilla doctrine, formerly prevailing in this State, but rejected by this court in *C. & O. Ry. Co.* v. *Stock,* 104 Va. 97, 108, 51

S. E. 161; *Norfolk Sr. Co.* v. *Norfolk Truckers' Exch.*, 118 Va. 650, 656, 88 S. E. 318."

In our view, the court did not direct a verdict in violation of the statute, but simply struck out the evidence because no verdict could be properly rendered thereon sustaining the contention of the plaintiff.

In the *Small Case*, 125 Va. 425, 99 S. E. 527, the court quotes with approval from *Hargrave's Adm'r* v. *Shaw Land & Timber Co.*, 111 Va. 84, 68 S. E. 278, Ann. Cas. 1912A, 151, as follows: "While directing a verdict is not in accordance with the practice in this State, yet where it appears, as in this case, that no other verdict could have been properly rendered, the error was harmless and the judgment will not be reversed on that ground. *Taylor* v. *B. & O. Ry. Co.*, 108 Va. 817, 62 S. E. 798, and cases cited."

For the foregoing reasons the judgment will be affirmed.

*Affirmed.*