# CASES DECIDED

IN THE

# Supreme Court of Appeals

## OF VIRGINIA

### Staunton.

### ELIZABETH BUCHANAN V. SMITH & HICKS.

September 28, 1921.

1. APPEAL AND ERROR—*Reversal—Judgment Plainly Wrong or Without Evidence.*—Where a case is submitted to the trial court to be decided without the intervention of a jury, if the evidence is conflicting and the Supreme Court of Appeals is of the opinion that the judgment was plainly wrong or without evidence to support it, the judgment will be reversed.

2. APPEAL AND ERROR—*Reversal—Judgment Plainly Wrong or Without Evidence—Judgment Entered by Appellate Court—Case at Bar.*—In the instant case, an action against defendant corporation for the negligent failure to properly load goods of the plaintiff in a car in which they were shipped, the evidence plainly showed the negligence of defendant as charged. The carrier successfully negatived the presumption of negligence in transportation, and it plainly appeared that the injuries to the contents of the can were due to the negligence of the defendant.

*Held:* That the judgment of the trial court that defendant was not negligent as charged, and consequently not liable, was plainly wrong, and hence should be reversed, and plaintiff having clearly established the amount of her damages, judgment for that amount was entered by the Supreme Court of Appeals.

1

Error to a judgment of the Law and Equity Court of the city of Richmond in a proceeding by motion for a judgment for damages. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*T. Justin Moore,* for the plaintiff in error.

*Scott & Buchanan* and *A. G. Robertson,* for the defendants in error.

SAUNDERS, J., delivered the opinion of the court.

This case and the case of *Walker D. Hines, Director General, etc.,* v. *Elizabeth Buchanan, post* p. 88, 109 S. E. 219, decided at this term of this court, were heard together in Richmond. The plaintiff is the same in both cases, and the claim asserted against the respective defendants concerns the same goods. In the motion for judgment in the case of *Hines, Director General, etc.,* v. *Buchanan,* Smith & Hicks were charged with negligent failure to properly load, pack, crate and brace the furniture and other goods of the plaintiff in the car in which the same were shipped, while the railroad company was charged with negligence in the matter of transporting these goods. In the instant case, the defendants, who had undertaken the task of loading plaintiff's goods, are charged with having "negligently and improperly loaded the same on the car in an unsafe and insecure condition," so that said car, "having been carried to its place of destination in the ordinary course of transit and without accident, and without knowledge of the unsafe and insecure condition of said contents, reached said destination with its entire contents in a ruined, destroyed and damaged condi-

tion," all resulting directly from the failure to properly load, brace, pack and crate same.

After hearing the evidence in the instant case, the trial court entered judgment for the defendant. A writ of error was awarded to this judgment by one of the judges of this court.

It appears from the record that a jury was waived on the trial of this case and all matters of law and fact were submitted by consent of counsel to the court for determination. The following stipulation was made:

### *"Stipulation.*

"It is hereby stipulated by and between the parties in this case, by their respective counsel, that the transcript of the evidence taken during the trial of the case of *Elizabeth Buchanan* v. *Walker D. Hines, Director-General, etc.,* which has been certified from this court to the Supreme Court of Appeals of Virginia, is to be read as a part of the true transcript in this case.  *  *  *  The parties hereby stipulate that the transcript of the evidence in the case of *Elizabeth Buchanan* v. *Director-General of Railroads, etc.,* shall be treated as the transcript of the evidence in the present case of *Elizabeth Buchanan* v. *Smith and Hicks, Inc.,* and that the clerk of this court shall not make the evidence a part of the record in this case, but shall insert in lieu thereof this stipulation in order to avoid unnecessary costs."

Here follows the signatures of counsel.

The fourth assignment of error in plaintiff's petition in the instant case is as follows:

4. "That the defendant did not 'pack said furniture securely in car,' in violation of said agreement and in viola-

tion of the common law duties owing to the plaintiff by the defendant, as a bailee for hire for this purpose, irrespective of the agreement, and defendant wholly failed to brace securely and substantially load said furniture and effects on the car."

This assignment presents an issue of fact, the plaintiff contending that defendant's negligent failure in the foregoing respect occasioned the consequent damage to the contents of the car. The plaintiff also charges that the defendant undertook to wrap and crate her furniture. These charges the defendant denies.

In view of the conclusion reached on the first issue of fact, it will not be necessary to determine the second contention.

It is insisted by the defendant in error (a) that the goods in question were properly loaded and packed, and delivered to the railway company in good order, and that thereafter they were injured while they were in the exclusive care and control of said carrier who had accepted them without objection; (b) that while the evidence on these allegations of fact is conflicting, this conflict must be resolved in favor of the finding of the trial court, because it cannot be said that such finding was either plainly wrong, or without evidence to support it.

We are cited to many familiar authorities supporting this rule of decision. Notably among the precedents cited are the recent cases of *Standard Accident Insurance Co.* v. *Walker*, 127 Va. 140, 102 S. E. 585, and *Graham* v. *Commonwealth*, 127 Va. 808, 810, 103 S. E. 565, 566.

In the latter case the court said: "After careful consideration of all the evidence in the case, and upon giving the weight to the decision of the jury upon matters of fact dependent upon the evidence which is conflicting and which involves the credibility of the witnesses * * * and, along

with this, also upon giving due weight to the action of the trial judge in refusing to set aside the verdict  *  *  * we are of opinion that it does not appear from the evidence that the judgment under review is plainly wrong, or without evidence to support it, and hence such judgment will be affirmed."

[1] This citation very plainly carries the implication, and such indeed is the law, that if in the situation *supra* the court had been of the opinion that the judgment under review was plainly wrong, or without evidence to support it, said judgment would have been reversed.

[2] In the instant case we have very carefully considered and reviewed, in the case of *Walker D. Hines, Director General, etc.,* v. *Elizabeth Buchanan,* the evidence relating to the packing and loading of the goods in question, and the subsequent handling of the car on which these goods were loaded, by the different railway companies concerned in the course of the movement of said car from Richmond to Atlantic City, the place of destination. We are satisfied that this evidence plainly shows that the defendant, Smith and Hicks, Inc., was negligent in the matter of loading and packing, and that the defendant in the case *ubi supra* successfully negatived the presumption of negligence in transportation. Further, it is considered that the evidence plainly shows that the injuries to the contents of the car were due to the negligence of the defendant, Smith and Hicks, Inc., in the said matter of loading and packing.

In the opinion of this court, the judgment of the trial court in the instant case, ascertaining, in substance, that the defendant, the said Smith and Hicks, Inc., was not negligent in the matter of loading and packing, and in consequence not liable to the plaintiff for the subsequent injuries to her furniture and other goods, was plainly wrong. Hence, that judgment will be reversed, and the plaintiff having

established by uncontroverted evidence the amount of her damages consequent upon defendant's negligence, the same appearing to be the sum of $1,341.50, a judgment for that amount, with interest at six per cent per annum from September 18, 1918, in favor of the plaintiff, Elizabeth Buchanan, against the defendant, Smith and Hicks, Inc., will be entered in this court.

*Reversed.*