## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

VIRGINIA RAILWAY AND POWER CO. V. JOHNSON.

January 16, 1913.

1. STREET RAILWAYS—*Negligence—Concurrent Negligence of Plaintiff.*— Where, as in the case at bar, the evidence shows that a collision between a street car and a traveler driving along a city street was occasioned by the concurrent negligence of the motorman of the car and the traveler—neither keeping a proper lookout for the other—which continued down to the moment of the impact, there can be no recovery by the traveler against the street car company.

Error to a judgment of the Law and Equity Court of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Henry W. Anderson, A. B. Guigon* and *Thomas P. Bryan,* for the plaintiff in error.

*J. R. Pollard* and *L. O. Wendenburg,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action was brought by the defendant in error, W. I. Johnson, against the plaintiff in error, the Virginia Railway and Power Company, to recover damages for personal injuries sustained by the plaintiff as the result of a collision between a motor car of the defendant and the buggy of the plaintiff. The defendant demurred to the evidence, and the action of the trial court overruling the

demurrer and rendering judgment against the defendant for the damages provisionally assessed by the jury is the ground of this writ of error.

The defendant operates a single-track electric street-car line, which runs north and south on First street in the city of Richmond. The allegations of negligence in the declaration are excessive speed and failure of the motor-man to keep a proper lookout. There was no direct evidence to support the first ground of negligence, but it was proved that the horse and buggy were shoved fifteen feet after the collision.

The collision occurred at the intersection of Leigh street and First street, about 10:45 o'clock on the morning of May 14, 1910. The plaintiff was sitting on the right-hand side of the buggy, with a companion, Lewis, on the left-hand side, driving westwardly along Leigh street, which runs at right angles to First street, and the vehicle was struck by a northbound car of the defendant. The evidence is in narrow compass and not conflicting. The plaintiff's version of the accident may be given in his own words: "As I got into First street, Mr. Lewis was sitting on my left; and knowing it was Leigh street—knowing it was First street—and the car line, I looked out to see if there was any trouble. Just at that time, just as we got into the street, I looked up and looked beyond Mr. Lewis to see if I saw a car. The car was coming right down on me. I attempted to wheel my horse down First street. I found my reins were loose. I was driving with a loose rein, and I could not cross the track and could not pull him back, in turning down First street, and the car crashed right into me before I could get him out of the way."

The vehicle was a top buggy, and the top was up, but the witness, Lewis, thought the side curtains were not up. The car struck and crushed the front wheels of the buggy.

The plaintiff further testified that the motorman could have seen his buggy a distance of seventy-five or one hundred feet. Speaking of the qualities of the horse, he said: "Oh, perfectly gentle, and a good horse; and, when I touch him up, if I am allowed to say—if I had been driving at my usual speed, I mean to say pretty good speed, I might have gotten across the track, if I had a tight rein on him. When I catch a tight rein on him he goes pretty lively, but when I have a loose rein, it is a certain toddle he goes." At the time of the accident, the plaintiff estimates the speed of the horse at between three and four miles an hour.

We are of opinion that the record presents a case of concurrent negligence. The motorman was negligent in failing to keep a proper lookout for travelers at the Leigh street crossing; and the plaintiff was likewise guilty of negligence in driving upon the defendant's track without exercising such ordinary care for his own safety as the exigencies of the situation demanded. Each was visible to the other for a distance of from seventy-five to one hundred feet, and the accident was due to the concurrent negligence of both, which continued down to the moment of the impact. The plaintiff approached the street-car track, with which he was perfectly familiar and over which he well knew cars were constantly passing, without taking any adequate precautions for his protection. He carelessly drove into a place of known danger with slackened rein and without looking for an approaching car until the point of collision was reached, when looking was useless, and the car instantly crashed into the front wheels of his vehicle. In such case, upon well settled principles, there can be no recovery.

The judgment must, therefore, be reversed, the demurrer to the evidence sustained, and judgment rendered for the plaintiff in error.

*Reversed.*