### Richmond.

## VIRGINIA RAILWAY AND POWER COMPANY V. BOLTZ.

### March 21, 1918.

1. APPEAL AND ERROR—*Conflicting Evidence—Negligence.*—Where the evidence is in conflict as to the charges of negligence against defendant, and the verdict and judgment of the court below is for the plaintiff, the Supreme Court of Appeals will assume that the negligence of the defendant was established.

2. APPEAL AND ERROR—*Motion to Set Aside Verdict—Plaintiff's Evidence.*—On error to a judgment for plaintiff in an action for negligence, the evidence of plaintiff's witnesses, so far as at all credible, must be accepted by the appellate court.

3. STREET RAILROADS—*Crossing—Contributory Negligence.*—Where a woman of intelligence and activity, aware of the danger of the situation, and with nothing to distract her attention or hinder her prevision, walked upon a street railway track, not at a regular crossing, but at a point twenty-seven feet beyond the crossing, without taking adequate precautions for her safety, there can be no recovery as a matter of law.

4. STREET RAILROADS—*Crossing—Look and Listen.*—The duty to look and listen is not applied with strictness to travelers crossing street railways, as it is with regard to crossing steam railroads. With respect to the former the general rule is that the failure to look and listen is not negligence *per se*, but this general rule is not inflexible, and the final test in every case is whether the court can say that the evidence furnishes no reasonable basis upon which to find that an ordinarily prudent person would have attempted to cross the track under the circumstances of the particular case.

5. STREET RAILROADS—*Right of Public to Use of Street.*—The public has an equal right with the street railway company to ride, drive, and walk upon the street between crossings, subject, however, to the superior right of way of the street cars, due to the fact that such cars must run on the tracks and cannot observe the law of the road.

Error to a judgment of the Hustings Court, Part II, of city of Richmond, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*E. Randolph Williams, H. W. Anderson, Thos. P. Bryan, A. B. Guigon* and *Murray M. McGuire,* for the plaintiff in error.

*O'Flaherty, Fulton & Byrd,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

Mrs. Anna Boltz was struck and injured by a street car owned and operated by the Virginia Railway and Power Company. In an action against the company to recover damages for the injury, there was a verdict in her favor, upon which the court rendered the judgment under review. We will refer to the parties hereafter as plaintiff and defendant, in accordance with their respective positions in the lower court.

The accident occurred on Eighteenth street, north of Franklin, in the city of Richmond. Franklin street runs east and west, and Eighteenth street runs north and south. The defendant company operates a double track street-car line on Eighteenth street. Mrs. Boltz had walked north from Main to Franklin on the east side of Eighteenth street, and had proceeded into Eighteenth street a short distance beyond the street crossing when she attempted to cross from the east to the west side of the latter street, and was struck by a car which came up behind her from the south, and which was running on the eastern track.

The negligence charged in the declaration and relied upon as established by the evidence is that the car was being operated at a dangerous and unlawful rate of speed, that no sufficient lookout was maintained, and that no gong or bell was sounded, or other proper warning given. The evidence is in conflict as to these charges of negligence, and

we must, therefore, under the rule applicable in this court, assume that the negligence of the defendant was established. The theory of the defendant, however, is that, conceding its negligence, the plaintiff was guilty of contributory and concurring negligence which bars her recovery.

There are material differences between the accounts of the accident, so far as the plaintiff's conduct is concerned, as given by witnesses for the plaintiff and defendant, respectively. According to the testimony of witnesses for the defendant, the plaintiff, after crossing Franklin street, proceeded north about midway between the sidewalk and curb and the railway track until the car was nearly opposite her, when she suddenly turned to her left and stepped on the track. According to the account of the plaintiff's witnesses, however (which, so far as at all credible, we must, of course, accept), when she had proceeded across Franklin until within two or three steps of the curb on the north side of that street, and before she turned into Eighteenth street, she looked and saw no car approaching. In view of the fact that the car is shown to have stopped at the south side of Franklin street, it must then have been within the block and, therefore, within the line of her vision; but be this as it may, it is not material, because the question before us is not whether her outlook at that point would have been due care, if she had then gone straight across Eighteenth street on the flag-stone crossing at that point. Instead of doing this, she walked diagonally up the street and went upon the track at a point twenty-seven feet north of the crossing. She had made the observation mentioned above before she had crossed Franklin, when she was, as she says, two or three steps off of the curb of the sidewalk on the north side of that street. The sidewalk is ten feet, eleven inches wide. If she was two or three steps from the curb when she looked, and was twenty-seven feet north of the flag-stone crossing when she was struck, she

necessarily walked more than thirty feet after she looked for the car and before she went on the track. She was an active, intelligent woman, perfectly familiar with the situation, and stated that she always looked for cars at that point. Her testimony shows that she knew it was incumbent upon her, as a matter of care and precaution, to look at this time before going on the track, and she testifies that immediately before she stepped on the track she looked a second time and saw no car; but this statement cannot possibly be true and must be disregarded. *N. & W. Ry. Co. v. Strickler*, 118 Va. 153, 155, 86 S. E. 824. According to her own statement (she says she was in a hurry and walking fast), the collision with the car must have occurred almost simultaneously with her entrance upon the track. There was nothing to obstruct her view, and if she had looked the second time, as claimed by her, she could not have failed to see the car. If she should seek to escape this conclusion by contending that one of her witnesses said the car was standing still on the south side of Franklin street when she was already between the rails, and that she was under no obligation to look that far back before entering the track, she destroys her claim that she hurried across and thus convicts herself of remaining carelessly and unnecessarily upon the track when she knew there was danger.

The case simply resolves itself into one in which a woman of intelligence and activity, aware of the danger of the situation, and with nothing to distract her attention or hinder her prevision, walked upon a street railway track, not at a regular crossing, but at a point twenty-seven feet beyond the crossing, without taking adequate precautions for her safety. In such a case, upon settled principles, there can be no recovery as a matter of law.

We are not unmindful that the duty to look and listen is not applied with strictness to travelers crossing street railways, as it is with regard to crossing steam railroads, and

that with respect to the former the general rule is that the failure to look and listen is not negligence *per se,* but this general rule is not inflexible, and the final test in every case is whether the court can say that the evidence furnishes no reasonable basis upon which to find that an ordinarily prudent person could have attempted to cross the track under the circumstances of the particular case.

"The look and listen rule is not applied with strictness to travelers crossing street railway tracks. But a person about to cross or go upon a street car track must use ordinary care in view of all the circumstances and surroundings. He must make reasonable use of his eyes and ears to note the approach of cars, and where there is nothing to obstruct his view or distract his attention and he goes upon the track immediately in front of a moving car he is guilty of negligence. He should look for approaching cars at a place and time when such looking will be effectual." 8 Thomp. on Neg. (White's Supp., 1914), section 1438.

"The general rule is that the failure of a traveler to look and listen before attempting to cross a street railway track is not negligence *per se;* but when the undisputed evidence establishes exceptional circumstances which so conclusively indicate negligence in failing to look or listen that there can be no reasonable basis for drawing a different conclusion, the question is one of law for the court. The duty to look and listen depends largely on the circumstances of each case." *Idem.,* section 1443.

"Where the traveler gives a careless look and does not see or hear a car, he is in no better position than if he had not looked and listened at all." *Idem.* section 1445.

In *Glynn* v. *New York City Ry. Co.,* 110 N. Y. Supp. 837, the court said, in a case arising out of a collision between a pedestrian and a street car: "He was not at a crossing, but in the middle of the block between 130th and 131st streets, when he was struck, and there was nothing to ob-

struct his view. While he had a right to cross at that point, defendant had a paramount right to the use of its tracks between intersecting streets, and it was incumbent on the plaintiff to prove that he exercised due diligence to discover the approach of the car. *Barney* v. *Metropolitan St. R. Co.,* 94 App. Div. 388, 394-395, 88 N. Y. Supp. 335; *Thompson* v. *Buffalo Ry. Co.,* 145 N. Y. 196, 39 N. E. 709; *Fenton* v. *Second Ave. R. Co.,* 126 N. Y. 625, 26 N. E. 967. The mere fact that at the time plaintiff left the curb he thought he had time to cross did not relieve him of the obligation to look and see where the north-bound car then was. There was nothing to obstruct his view, and by not looking at or in the direction of the approaching car after he left the curb he was guilty of contributory negligence as matter of law."

In 2 Elliott on Roads and Streets (3d ed.), section 961, it is said: "The grant of a right to use the streets of a city gives the company rights superior in some respects to those of persons riding or driving along the street, at least as between crossings. A street railway company must necessarily possess greater rights than those of the ordinary traveler, for, as is very evident, the cars of the company cannot give and take the road, but must move upon the track. It is, therefore, the duty of those traveling in the ordinary mode to leave the track in order that the movement of the cars may be unimpeded. It is held, almost without dissent, that to the cars of the company must be yielded the right of passage, and that horsemen and vehicles must leave the track when cars approach. But at street intersections or crossings their rights are said to be equal or reciprocal."

Of course the public has an equal right with the street railway company to ride, drive and walk upon the street between crossings, subject, however, to the superior right of way of the street cars, due to the fact that such cars

must run on the tracks and cannot observe the law of the road.

The Virginia decisions are in accord with the general principles above announced and the authorities above cited. The cases of *Bass* v. *N. & W. Ry. Co.,* 100 Va. 1, 40 S. E. 100; *Richmond Traction Co.* v. *Clarke,* 101 Va. 382, 43 S. E. 618, and other cases of that type, emphasize the distinction betwen the rights of travelers in crossing street railroads and steam railroads, respectively, but in the result merely hold that under the facts of each of those cases the plaintiff was not guilty of contributory negligence as matter of law. That they did not intend to do more than this is clearly shown by subsequent cases decided by the same court and the same judges in which it was held that it was negligence as a matter of law under the facts of the particular case for the plaintiff to attempt to cross a street railway.

In *Virginian Railway Co.* v. *Johnson,* 114 Va. 479, 76 S. E. 916, this court said: "We are of opinion that the record presents a case of concurring negligence. The motorman was negligent in failing to keep a proper lookout for travelers at the Leigh street crossing; and the plaintiff was likewise guilty of negligence in driving upon the defendant's track without exercising such ordinary care for his own safety as the exigencies of the situation demanded. Each was visible to the other for a distance of from seventy-five to one hundred feet, and the accident was due to the concurrent negligence of both, which continued down to the moment of the impact. The plaintiff approached the street-car track, with which he was perfectly familiar, and over which he well knew cars were constantly passing, without taking any adequate precautions for his protection. He carelessly drove into a place of known danger with slackened rein and without looking for an approaching car until the point of collision was reached, when looking was useless,

and the car instantly crashed into the front wheels of his vehicle.    In such case, upon well settled principles, there can be no· recovery."

There was, as we think, no evidence at all upon which to apply the doctrine of the last clear chance, and the most that can be made of the case from the plaintiff's standpoint is that the accident resulted from a concurrence of her negligence with that of· the defendant.

The motion to set aside the verdict ought to have been sustained.    The judgment complained of will be reversed, and the cause remanded for a new trial to be had, if plaintiff shall be so advised, not in conflict with the views herein expressed.

*Reversed.*