## Staunton.

### Appalachian Power Company v. V. L. Burress.

September 21, 1922.

1. Street Railways—*Collision Between Street Car and Motor Truck—Evidence Held Sufficient to Sustain Verdict—Case at Bar.*—In the instant case, arising out of a collision between a street car and a motor truck, it appeared from the evidence for the plaintiff, that plaintiff to avoid an automobile moving in the same direction drove his machine partly on the track of defendant and continued to move forward; that he saw the street car approaching and endeavored in due season to get off the track, but failed because the front wheel which was between the rails failed to climb the rail and skidded; that plaintiff did everything in his power to get the motor truck out of the way of the approaching car, while it continued to come forward at a rate of speed greatly in excess of the maximum speed limit prescribed by the town ordinance; and that although his position of peril was realized by himself, and apparent to other witnesses, and should have been apparent to the motorman, the motorman negligently failed to reduce the speed of the car, or to stop it, and made no effort to avoid injuring plaintiff. All of this evidence, except the existence of the city ordinance, was contradicted by defendant's witnesses.

   *Held:* That the judgment for plaintiff could not be reversed under section 6363 of the Code of 1919.

Error to a judgment of the Circuit Court of Tazewell county, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Robert E. Scott,* for the plaintiff in error.

*Greever & Gillespie,* for the defendant in error.

Prentis, J., delivered the opinion of the court.

There was a collision between a street car of the Appalachian Power Company and a motor truck driven by V. L. Burress, in which the truck was damaged and he was slightly injured. He brought an action alleging that the accident was due to the negligence of the company, and upon the trial there was a verdict in his favor, upon which the court entered judgment.

The only error apparently relied on here by the company is the refusal of the court to set aside the verdict upon the ground that it was contrary to the law and the evidence, without supporting evidence, and plainly wrong. There was a conflict in the testimony which is usual in such cases, and if the jury had found a verdict in favor of the company it would not have been disturbed here.

The evidence relied upon by the plaintiff to sustain the judgment may be thus summarized: The accident occurred in the town of Graham, Va., at or very near a street crossing. The plaintiff was going west, driving on the right side of the street on the north side of the tracks of the company. In order to avoid an automobile which was moving in the same direction, but which turned to enter a garage on the north side of the street, the plaintiff veered in his course and drove his machine upon the track of the company—that is, the left front and hind wheels crossed the north rail of the track and the truck continued to move forward. The plaintiff soon saw the street car approaching from the opposite direction. In due season he endeavored to drive the truck off of the track by turning to the right, but failed, because the front wheel which was between the rails of the track failed to climb the rail and skidded. He then reduced the speed of the truck, but was still unable to get his machine from between the rails, and, while continuing his efforts to do so, was struck by the

street car. According to his testimony he did everything in his power to get the motor truck out of the way of the approaching street car, while it continued to come forward at an excessive rate of speed, greatly in excess of the maximum speed limit prescribed by the town ordinance; that although his position of peril was realized by himself, was apparent to other witnesses, and should have been apparent to the motorman of the company, he negligently failed to reduce the speed of the car, or to stop it, and made no effort to avoid injuring him, although his peril and his own ineffectual efforts to extricate himself therefrom were so apparent, until it was too late to avoid the collision.

All of this evidence which tends to show the negligence of the motorman (except the existence of the city ordinance) is contradicted by the defendant's witnesses, and there is much in the attendant circumstances which would have justified the jury, if they had discredited the plaintiff's witnesses, in concluding that there was no actionable negligence on the part of the motorman of the street car.

We are urged to set aside the verdict under section 6363 of the Code, and to enter judgment for the defendant, upon the ground that the judgment of the trial court is plainly wrong and without evidence to support it. The foregoing summary of the evidence relied on by the plaintiff is sufficient to show that this court would be violating both the letter and the spirit of that statute if we were to reverse this judgment.

We do not deem it necessary to discuss the question here raised by comparison with the recent cases cited and relied upon by the defendant's attorney: *Virginia Ry. & P. Co.* v. *Johnson,* 114 Va. 479, 76 S. E. 916; *Va. Ry. & P. Co.,* v. *Boltz,* 122 Va. 649, 95 S. E. 467, and *Va. Ry. & P. Co.* v. *Harris,* 122 Va. 657, 95 S. E.

403; *Stephen Putney Shoe Co.* v. *Ormsby,* 129 Va. 297, 105 S. E. 563; *Buchanan* v. *Smith & Hicks,* 131 Va. 1, 109 S. E. 227, because the facts in each of those cases can be easily distinguished from the evidence relied upon by the plaintiff here. The questions of fact presented in this case, were properly submitted to the jury under the sharp conflict in the testimony, and their verdict is conclusive.

*Affirmed.*