## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### VIRGINIA RAILWAY AND POWER COMPANY v. GEORGE J. SNYDER.

#### January 24, 1924.

STREET RAILROADS—*Injuries to Pedestrians—Contributory Negligence—Case at Bar.*—In the instant case, an action for injuries sustained when plaintiff was struck by one of defendant's cars, there was abundant evidence to support the plaintiff's allegation of negligence on the part of the defendant, and upon most careful consideration, the Supreme Court of Appeals was of opinion that the question of the plaintiff's contributory negligence was a question for the jury, and that the case is controlled, not by the decision in *Virginia Railway & Power Co.* v. *Boltz,* 122 Va. 649, 95 S. E. 467, and others of that type, but by the doctrine stated in such cases as *Virginia Railway & Power Co.* v. *Oliver,* 133 Va. 342, 112 S. E. 841, and *Virginia Railway & Power Co.* v. *Wellons,* 133 Va. 350, 112 S. E. 843. The latter, it is true, were not suits by pedestrians, but involved collisions between vehicles and street cars. The principles, however, were the same in these latter cases as in the case at bar.

Error to a judgment of the Circuit Court of the city of Richmond, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

The opinion states the case.

*Affirmed.*

*E. R. Williams, T. Justin Moore* and *M. M. McGuire,* for the plaintiff in error.

*Meredith & Meredith* and *R. E. Cabell,* for the defendant in error.

PER CURIAM:

George J. Snyder brought this action in the Circuit Court of the city of Richmond against the Virginia Railway and Power Company for personal injury sustained when he was struck by one of the company's cars. There was a verdict and judgment in his favor for $15,000.00, to which this writ of error was granted.

The case was heard and submitted at the January term, 1923, of this court, only four of the judges sitting, and at the succeeding term the judgment was affirmed by a divided court. A rehearing was granted and the case was again argued before the full court. The decisive question in the case, and the one to which the rehearing was confined, was whether the plaintiff was guilty of contributory negligence as a matter of law in undertaking to cross the track in front of the car. There was abundant evidence to support the plaintiff's allegation of negligence on the part of the defendant.

The case is very close upon the facts. We have had occasion to pass upon many substantially similar cases, and the pertinent principles of law are well settled in this jurisdiction. In the instant case, upon the fullest and most careful consideration, a majority of the court is of opinion that the question of the plaintiff's contributory negligence was a question for the jury, and that the case is controlled, not by the decision in *Virginia Railway & Power Co.* v. *Boltz,* 122 Va. 649, 95 S. E. 467, and others of that type, but by the doctrine stated in such cases as *Virginia Railway & Power Co.* v. *Oliver,* 133 Va. 342, 112 S. E. 841, and *Virginia Railway & Power Co.* v. *Wellons,* 133 Va. 350, 112 S. E. 843. The latter, it is true, were not suits by pedestrians, but involved collisions between vehicles and street cars. The principles, however, were the same in these latter cases as in the case at bar.

There were other questions in the case which were very maturely considered, but about which none of the judges had any difficulty on the original hearing and has none now.    These questions involve no novel points and relate to matters upon which we have always been of opinion that the action of the trial court was plainly right.

For the reasons stated, the judgment complained of must be affirmed.

*Affirmed.*