# Richmond.

## JOSEPH MEADE v. TAZEWELL SAUNDERS.

September 27, 1928.

The opinion states the case.

*Sinnott, May & Leaman,* for the plaintiff in error.

*Parrish & Butcher,* for the defendant in error.

McLEMORE, J., delivered the opinion of the court.

Error to a judgment of the Circuit Court of the city of Richmond, wherein the parties occupied the same positions as they do in this court.

Verdict for the plaintiff for $500.00 was set aside and judgment entered for the defendant under section 6251 of the Virginia Code.

This is a proceeding by motion to recover damages alleged to have been sustained on the night of May 10, 1924, when the plaintiff and defendant's car were in collision about 11:30 p. m. on Broad street, in the city of Richmond.

Meade a colored man about sixty years of age attempted to cross Broad street from south to north at the second street crossing, and the car which injured him was going east on Broad street, and was therefore traveling on the south side thereof. There are two street car tracks on this street, and plaintiff was about half way between the south curb of Broad street and the east bound car track when the accident happened. "It was a sort of drizzling rain."

"Before you crossed the street, what did you do?

"A. I looked up and down the street to see if I could see a car coming.

"Q. Did you see any?

"A. Away up, away to the west, up Broad street; it seemed half a block away from me.

"Q. Which way was that car coming?

"A. Coming down. I started to cross the street.

"Q. What was the rate of speed of that car?

"A. I can't tell you, but I started to cross the street, I thought I could make it, and the next thing I knew, it just struck me and knocked me senseless.

"Q. Were you crossing the street within the white lines?

"A. Yes, sir. The white mark was right in there; there is the street.

"Q. How far had you gotten?

"A. About half way from the curbing to the electric
car line.

"Q. What part of that car struck you?

"A. The front part.

\* \* \* \* \* \* \* \*

"Q. You say when you stepped off the curb you saw
this car coming half a block west?

"A. Yes, sir.

"Q. Did you notice which way it was coming?
Did you see it was coming your way?

"A. Yes, sir.

"Q. When was the next time you saw it?

"A. I didn't see it any more until it struck me.

\* \* \* \* \* \* \* \*

"Q. You didn't see the car at any time at all from
the time you stepped off the curb until it hit you?

"A. No, sir. I saw it and thought I could make it
when it was about half a block off, and I never saw it
any more until it struck me and knocked me uncon-
scious."

■ From this testimony it is quite apparent that the
plaintiff has no knowledge of how the accident oc-
curred. That he never saw the car after leaving the side-
walk until he was struck, is the only rational inference
to be drawn from his testimony. While he says he
was struck by the front of the car it is perfectly mani-
fest, when his evidence is taken as a whole, that this
statement is in conflict with his entire narrative of the
accident, was a mere conclusion, and not based on the
facts of the case.

The witness, Harold R. Mankin, the only eye witness
to the collision, was driving immediately in the rear of
the defendant, Saunders. He says:

"A. I was going down Broad street. There was a
drizzling rain; I was wiping my windshield off. This

car of Mr. Saunders was right in front of me. I saw the man in front of the sidewalk; he didn't look; he stepped off the sidewalk and Mr. Saunders at that time was crossing the street, and this man walked off the sidewalk—I will have to get this way to show you—he was going north down Second street, he had his head down like this, he didn't look up at all, and he walked into the rear of his car.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"Q. Did Mr. Saunders' rear wheel run over him?

"A. No. He walked in the back of the car and I think he turned around and fell.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　·\*　　　\*

"Juror. What part of the car struck him?

"Witness. The rear end of the car struck him."

Neither of the parties in the Saunders car saw the man until he had been struck, and both testify that he was not struck by the front of the car.

In our view of the evidence there is no real conflict between the statements of these several witnesses. The plaintiff never saw the car with which he collided after he stepped from the curb, and does not know how it happened.

Was the plaintiff guilty as a matter of law of contributory negligence? The learned judge of the trial court so concluded.

■ This case is before us as the result of the exercise by the court of the power conferred by section 6251, and while the principles of law to be applied by the appellate tribunal under such circumstances are analogous to those controlling demurrers to evidence, they are not entirely the same. Where it can be seen from the evidence as a whole that the verdict has recorded a finding in plain deviation from rights and justice, the court may, indeed should, set it aside. *Gregory* v.

*Seaboard Air Line Railway Company*, 142 Va. 750, 128 S. E. 272.

"While the court might be compelled to accept evidence given by the plaintiff on a demurrer to the evidence by the defendant, yet, under this section (6251) and section 6363, such evidence need not be accepted, when to do so would strain the credulity of the court, and require the entry of a judgment contradicted by every other fact and circumstance of the case. It is extreme cases of this sort that the statute was enacted to meet." *Van Denbergh & Hitch, Inc.* v. *Buckingham Apartment Corp.*, 142 Va. 397, 128 S. E. 561.

■ It will be observed that in this case (where there were three hung juries, and a verdict on the fourth trial) the learned trial judge who saw and heard the witnesses in all four of the trials has disapproved the verdict and entered judgment for the defendant. This act is not without its significance and force. *Kendricks* v. *Norfolk*, 139 Va. 702, 124 S. E. 210; *Ricketts* v. *J. G. McCrory Co.*, 138 Va. 548, 121 S. E. 916.

"A verdict that has been disapproved by the trial judge is not entitled to the same weight on appeal as one that has been approved by him." *Dupont De Nemours & Co.* v. *Taylor*, 124 Va. 766, 98 S. E. 871.

■ ■ If, as from this record is apparent, the plaintiff never looked for, or saw, the defendant's car, after leaving the sidewalk until he was in collision with the rear end thereof, then his negligence was the proximate cause of his injury, and there can be no recovery. If it can be said that he was struck by the front of the car, which bore down upon him, we are confronted with a situation where a pedestrain who sees an automobile approaching, leaves the curb to cross the street in front of the approaching car. The

car is all the while in full view if he but looks, and he knows it is coming. Assume that the defendant was negligent up to the instant of the accident, for failing to see and avoid injuring plaintiff, there was an equal opportunity for the plaintiff to have seen and avoided the collision, and he was therefore negligent in not doing so.

As was said by Kelly, P., in *Stephen Putney Shoe Company* v. *Ormsby's Admr.*, 129 Va. 297, 105 S. E. 563:

"In other words, if he did look he was bound to see the truck, and was negligent as a matter of law in stepping in front of it; and if he did not look, his negligence as a matter of law is none the less apparent." *Virginia Railway and Power Company* v. *Boltz*, 122 Va. 649, 95 S. E. 467; *Hendry* v. *Virginia Railway and Power Company*, 130 Va. 282, 107 S. E. 715.

The facts presented by this record fail to make out a case for the consideration of a jury, and the learned presiding 'judge at the trial could very properly have refused to give any instruction for the plaintiff; by hypothetically stating the facts of the case as proved, instructed the jury that if they believed them, to find for the defendant, or at the instance of defendant might have stricken out the plaintiff's evidence. *Davis* v. *Rogers*, 139 Va. 618, 124 S. E. 408.

Plaintiff in error relies with great confidence upon the case of *Green* v. *Ruffin*, 141 Va. 628, 125 S. E. 742, 127 S. E. 486, to support the contention that the jury's finding for the plaintiff was conclusive upon the court, and acquitted the plaintiff of contributory negligence.

In this case the court was considering whether or not the doctrine of last clear chance was applicable to the facts, and reached the negative conclusion. The entire opinion was dealing with some phase of this doctrine

and is to be considered as speaking with reference thereto. The instant case does not involve the doctrine and is therefore not controlled thereby.

Here the car and the pedestrian are traveling at right angles, and their paths must cross only a few feet ahead. There is a clear view and the pedestrian has seen the car approaching. A collision under such circumstances can only arise as the result of the concurring or independent negligence of the plaintiff.

"If the continuing negligence of a plaintiff, up to the time of the injury, concurs with the negligence of the defendant in causing the injury, the plaintiff cannot recover." *Consumers' Brewing Company* v. *Doyles' Admr.*, 102 Va. 399, 46 S. E. 390, quoted with approval in *Green* v. *Ruffin, supra.*

We find no error in the judgment of the trial court and the same will be affirmed.

*Judgment affirmed.*