# Richmond.

## JOSEPH D. JONES v. VIRGINIA ELECTRIC AND POWER COMPANY.

January 16, 1930.

Absent, Chichester and Epes, JJ.

The opinion states the case.

Robert L. Hicks, McC. G. Finnigan and John J. Wicker, Jr., for the plaintiff in error.

T. Justin Moore, A. G. Robertson, and N. L. Flippen, for the defendant in error.

PRENTIS, C. J., delivered the opinion of the court.

The plaintiff, while driving his automobile in Tenth street and across Hull street, in Richmond, was struck and seriously injured by a southbound car of the Virginia Electric and Power Company. He alleges that his injury was caused by the negligence of the defendant company, which defended upon the ground that it had not been guilty of any negligence, and that even were this a debatable question, the plaintiff was guilty of contributory and concurring negligence which should defeat his action.

There was a jury trial, a verdict for the plaintiff for substantial damages, which the trial court set aside and entered judgment for the defendant, and this is assigned as error.

Except upon the question as to whether or not the motorman upon the street car sounded the proper warning, there is little conflict in the testimony. The plaintiff's car had been standing a short distance south of the intersection of Hull street with Tenth. He drove his car with reasonable care along the right

side of Hull street going north until he reached Tenth. Whether he stopped to permit another car of the company, also traveling north, to pass, or whether he merely slowed up for that purpose, is not entirely clear, but he drove to Tenth street and then first across the northbound track of the company, and without stopping (apparently without looking) continued until he had nearly crossed the southbound track on which he was struck by a southbound car of the defendant company. There being some conflict in the testimony as to whether the motorman on the southbound car sounded any crossing signal preceding the collision, this question was properly submitted to the jury and their verdict is conclusive on that point.

■ There is much emphasis in the argument for the plaintiff upon the theory that the plaintiff's vision to the north, from which direction the street car was coming, was obscured by the other street car which passed him going north. A consideration of the physical facts makes it clear to us that undue emphasis is placed upon this fact. It is perfectly certain that before the car going north, which passed him, reached the crossing, his view to the south of the approaching northbound car was unobstructed. Even though this view was afterwards obstructed for a few seconds during which the southbound car was approaching, it is also true that this obstruction, the northbound car, passed in a few seconds, leaving his view of the approaching southbound car again unobstructed. The plaintiff testified and does not say either that his view was obstructed by the northbound car or that he looked before attempting to cross the southbound track upon which he was injured.

These being the facts, it is to us manifest that his negligence either in failing to look to the north or if

he looked in failing to stop before attempting to cross the southbound track was a contributing and concurring cause of his injury. This was the view of the judge who presided at the trial, Honorable E. W. Hudgins, of the thirty-fourth circuit, who thus expressed himself:

"The evidence in this case on behalf of the plaintiff establishes the following facts: That on the 24th day of April, 1926, the plaintiff driving a Ford car between four and five miles an hour north on Hull street, signalled for and made a left turn at Tenth street. After waiting for northbound car to pass he crossed the northbound track, and as he was getting on the south tracks his automobile was struck by a southbound car of the defendant company, which knocked his automobile a distance of forty or fifty feet back to the curbing on the east side of Hull street. The street car stopped before the automobile, and after it had come to a rest was ten or fifteen feet beyond the intersection of Hull and Tenth streets; there was no warning signal given or bell sounded by the operator of the street car.

"There was testimony introduced in behalf of the defendant to contradict some of the plaintiff's evidence, the jury having found a verdict in favor of the plaintiff, so that on the motion to set aside the verdict all the defendant's evidence in conflict with that of the plaintiff may be disregarded. There is a rule of law which presumes that both the plaintiff and defendant were exercising due care at the time of the impact, and this presumption remains with both parties until the same is overcome by evidence to the contrary. The plaintiff claims that the record discloses three grounds of negligence of the defendant company—

"1st. That the defendant failed to keep a proper lookout.

"2nd. That it failed to sound its gong or give a signal.

"3rd. That it was operating its car at an unlawful rate of speed.

"There is no evidence in the record that the defendant company failed to keep a proper lookout, except what may be inferred from the results of the impact itself. There is evidence which tends to show that no signal was given by the motorman, but there is no causal connection shown by the evidence between such negligence and the injury that standing alone would prove this act of negligence was the sole proximate cause of the injury. The plaintiff himself does not state that he ever saw or heard the car of the defendant company, so he could not tell how far away it was when he started across the intersection, or at the rate of speed defendant's car was traveling. The only thing he states is that he had gotten across the northbound track and was getting into the southbound track when he was struck. The only reasonable inference to be drawn from this evidence is that he neither saw nor heard the defendant company's car approaching.

"The following is the substance of the evidence given by another witness for plaintiff on the negligence of the defendant company:

"Mr. Verra, both in appearance and from the answers given to questions, seems a very intelligent witness. The substance of his testimony is that he was following immediately behind plaintiff's automobile from the time it left the curb and until it came to the intersection of Hull and Tenth streets; that the plaintiff gave the signal for a left hand turn west on Tenth street, slowed up and waited for a northbound car to

pass in front of him; that the plaintiff then started across the intersection (immediately) behind the northbound car and was struck by the southbound car, his automobile knocked a distance of forty or fifty feet back to the east curbing. The street car, however, did not go as far as the automobile. How much of this forty or fifty feet the automobile rolled on its own wheels does not appear, this indicates that the front of plaintiff's car was struck just as it reached the eastern rail of the southbound track.

"Another witness, Arthur Tully, said the street car went about fifty feet after the impact. That the street car was going upgrade.

"From these facts the court is asked to enter judgment in favor of the plaintiff on the verdict.

"There is no evidence that the plaintiff looked for an approaching car. There was no obstruction in the street except perhaps the car of the defendant company traveling north, and only one witness testified that there was a car going north. Then it follows that the plaintiff, without assuring himself that the line of traffic going south was clear, pulled out of the line of traffic going north on the southbound tracks of the defendant company, without either looking or listening for a car; and if he did this he is guilty of contributory negligence which will bar recovery. While it is true that he is presumed to have exercised ordinary care unless the contrary is shown, but no person of ordinary intelligence or who is exercising the least care for his own safety would deliberately drive on the tracks of a street car company without assuring himself that the tracks were reasonably clear for a reasonably safe distance away. The court is aware of the rule of law which does not require the plaintiff to exercise that degree of care and caution when he is

crossing the tracks of a street car company in a city street that is required of persons crossing a right of way of a railroad company; still a person should not be allowed to recover from a defendant street railway company, when he drives on the track of a defendant street railway company without assuring himself that the tracks are reasonably clear for a reasonably safe distance. Failing to have exercised this degree of care and caution, the court feels that the verdict should be set aside and a judgment entered for the defendant company, and an order may be so drawn.''

It is earnestly insisted for the plaintiff in error that the trial court had an erroneous view of the law governing such cases, because in this opinion it is said, in substance, more than once, that it was the duty of the plaintiff before attempting to cross the southbound track to ''assure himself'' that it was safe to do so, and that his failure to do so constituted the negligence which defeats his action.

Had the court used similar language in instructing the jury, this might have been an error serious in character, but reading the opinion as a whole there is no reason to doubt that the trial judge fully appreciated the true rule. That he did know the rule and properly instructed the jury on this question is perfectly evident from instruction No. 11, which was given to the jury. This reads:

''The court instructs the jury that it was the duty of the plaintiff in making a left turn at the intersection of Hull and Tenth streets to exercise ordinary care to keep a lookout for and to listen for approaching street cars in such a manner as to be reasonably effective, and to exercise ordinary care so to operate his automobile as to be able readily to take all reasonable precautions which an ordinary person of prudence acting prudently under the circumstances would take to avoid an acci-

dent; and the court instructs the jury that these duties are continuing duties, and are not necessarily discharged by the performance thereof at any particular moment of time; and if the jury believe from the evidence that at any reasonable time before the accident, in the exercise of ordinary care on the part of the plaintiff, in the proper performance of these duties he could have avoided the accident, and that he failed to do so and that his failure so to do contributed efficiently to cause the accident, then the plaintiff cannot recover in this case, whether the motorman was guilty of negligence or not."

The jury disregarded this instruction, and the judgment of the trial court setting aside their verdict and entering judgment in favor of the defendant is plainly right.

The plaintiff in error seems to rely with confidence upon the case of *Roanoke, etc., Co.* v. *Loving*, 137 Va. 331, 119 S. E. 82, as demonstrating the error of the trial court. We cannot adopt their view because the precise facts of that case are so different from the precise facts of this case that they may be easily distinguished. There is no uncertainty as to the law which is applicable. The difficulty is to apply the conceded rules of law to the varying facts.

The judgment in this case is supported by the rules applied in many cases, among which are, *Virginia Ry.- & Power Co.* v. *Boltz*, 122 Va. 649, 95 S. E. 467; *Virginia Ry. & Power Co.* v. *Harris*, 122 Va. 657, 95 S. E. 403; *Stephen Putney Shoe Co.* v. *Ormsby's Adm'r*, 129 Va. 297, 105 S. E. 563; *Washington-Virginia Ry. Co.* v. *Struder*, 132 Va. 368, 111 S. E. 239; *Washington & Old Dom. Ry. Co.* v. *Thompson*, 136 Va. 597, 118 S. E. 76; *Marvel* v. *Va. Ry. & P. Co.*, 138 Va. 532, 121 S. E. 882; *Meade* v. *Saunders*, 151 Va. 636, 144 S. E. 711.

*Affirmed.*