# Wytheville.

## Virginia Electric and Power Company v. A. S. Bennett.

June 18, 1931.

Present, Prentis, C. J., and Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*T. Justin Moore* and *Archibald G. Robertson,* for the plaintiff in error.

*Charles E. Maurice* and *John J. Wicker, Jr.,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

This case is here upon a writ of error granted to the judgment of the Hustings Court, Part II, of the city of Richmond, in an action by notice of motion for judgment, alleging damages of $25,000.00, for personal injuries and injuries to the automobile of the plaintiff. The parties will be subsequently referred to as they were related in the trial court.

The accident happened on January 1, 1928, when a model T Ford sedan, owned and driven by the plaintiff, was struck by an electric car of the defendant company at Boston avenue on the Petersburg turnpike in the city of Richmond. The said turnpike extends north and south between the cities of Richmond and Petersburg, and Boston avenue intersects the said pike from the northeast at an angle less than a right angle. The defendant's electric railway line is projected through the center of the said turnpike. The plaintiff, in the afternoon of the day of the accident, had driven with his wife and some friends to Petersburg and later returned to Richmond, taking his friends to their home, and then started to Oak Grove for his daughters, who were visiting at the latter place. He was driving south on the western side of the said turnpike, and when he was approaching Boston avenue, where he intended

crossing the track of the defendant company to get over on the eastern side of said turnpike, it was approximately 6:15 o'clock P. M., and dark. He gave a left-hand signal to warn oncoming traffic of his intention to make the turn and cross at the Boston avenue intersection; when about fifty feet from the intersection he looked back as far as he could see on the pike and checked the speed of his car. Again he said that he looked both ways but saw no street car. At a point about three or four feet from defendant's track he again looked towards Richmond and towards Petersburg but with the same result. There were street lights at the intersection and there were also electric lights between the intersection of said turnpike and, of course, there were lights on the automobiles going to and fro on the said turnpike.

The plaintiff testified that the windows of his car were down, and that no bell or gong on the street car was sounded. After his second observation, when three or four feet from the track, he did not look again, but said that his attention was directed to the traffic from Petersburg. He said that he could not see over a half or three-quarters of a block. He proceeded at the intersection up a slight grade about as fast as a man could walk, with his car in low gear, and as the front wheels went over the second rail, without any warning, the crash came. The plaintiff was severely and permanently injured as a result of the collision, necessitating a long term in a hospital and expensive medical treatment. He suffered great pain.

The facts as we have stated them is the evidence, in epitome, which we may say is corroborated by the testimony of his wife.

R. A. Neisz, a policeman, responded to a call at his station at 6:15 o'clock of the evening of the accident, and his testimony was that when he reached the scene the lights on the street car were lighted. This is the only testimony upon a very important fact. The plaintiff was asked the following question: "Q. Did you ever see the street car that struck you?" His answer was: "A. No, sir; I have not."

The ordinance of the city of Richmond requiring a gong or bell to be sounded or struck several times in quick succession on approaching within one hundred feet of any team, carriage, vehicle or person, and that each motorman shall keep a vigilant watch for such team, carriage, vehicle or person was in evidence.

Upon the trial of the case, grounds of defense were interposed to the notice of motion, and the defendant pleaded the general issue and filed its plea of contributory negligence upon the part of the plaintiff. The plaintiff put on his testimony, and, when he rested, the defendant did not introduce any witnesses or testimony, but the case went to the jury on the plaintiff's testimony alone. The jury rendered its verdict in favor of the plaintiff for $10,000.00. It was admitted that the defendant's motorman and other witnesses had been subpoenaed and were present.

The assignments of error are four in number, but as we view the case we need only concern ourselves with consideration of the second assignment, which is that "the evidence in the record convicts the plaintiff of negligence which bars his recovery."

The verdict shows that the jury found the defendant guilty of the primary negligence alleged in the notice in that it failed to sound a gong or bell upon the approach of its car to the intersection where the plaintiff driving his automobile was struck; in other words, that it violated the requirements of the city's ordinance applicable to such condition.

If this were all, there would have been no such accident as that which occurred, with its lamentable incidents and results, but the plaintiff, in the night time, when darkness prevailed, except for the light afforded by the street electric lights and those on the street car in question, deliberately drove his automobile at a speed of three or four miles an hour on the railway track and while he was leisurely easing his car over the rails, without effective observation, permitted himself to be

struck down by an oncoming car, which he admitted that he never saw.

We do not see how we can escape the conclusion that this conduct and this admission upon his part convicts him of such contributory or concurring negligence as must defeat his recovery. To be sure, he testified that he looked both ways at two different periods of time; the second time when he was three or four feet from the track. Under the rule adverted to we must accept this as true, but it has been held by this and other courts of like dignity that we are not bound to accept as true what in the nature of things could not have occurred in the manner nor under the circumstances mentioned, nor are we bound to accept the incredible. Our own opinion, from the testimony and the physical facts and happenings, is that the plaintiff candidly believed that he looked as narrated by him, but, if, in reality, he had done so, he would have been bound to observe the oncoming car. We think that the evidence points to the fact that he was much more concerned with the traffic on the turnpike than he was with what might happen to him on the track of the defendant. His conduct was a listless disregard of his own safety. It was negligence that at least concurred with that of the defendant which precludes his right of recovery.

Counsel for both sides have been diligent in their search for authorities to sustain their respective contentions and have filed forceful and able briefs. With this type of case the Virginia Reports are replete. The way is a beaten track and we shall not do more than to say, as Chief Justice Prentis said in the case of *Jones* v. *Va. Power Co.,* 153 Va. 705, 712, 151 S. E. 133, 135: "There is no uncertainty as to the law which is applicable. The difficulty is to apply the conceded rules of law to the varying facts.

"The judgment in this case is supported by the rules applied in many cases, among which are, *Virginia Ry. & Power Co.* v. *Boltz,* 122 Va. 649, 95 S. E. 467; *Va. Ry. & Power Co.* v.

*Harris,* 122 Va. 657, 95 S. E. 403; *Stephen Putney Shoe Co.* v. *Ormsby's Adm'r,* 129 Va. 297, 105 S. E. 563; *Washington-Va. Ry. Co.* v. *Struder,* 132 Va. 368, 111 S. E. 239; *Washington & Old Dom. Ry. Co.* v. *Thompson,* 136 Va. 597, 118 S. E. 76; *Marvel* v. *Va. Ry. & P. Co.,* 138 Va. 532, 121 S. E. 882; *Meade* v. *Saunders,* 151 Va. 636, 144 S. E. 711."

We note the point accentuated by plaintiff's counsel as to the failure of the defendant to put its motorman on the witness stand. If it had done so and the motorman's testimony had been favorable to the plaintiff, it could only have established its primary negligence, which we have already assumed, so we do not think that his testimony could have changed the aspect of the case. The plaintiff's own testimony establishes his contributory or concurring negligence.

The above cases are applicable and pertinent here. The judgment of the trial court is reversed, and we here enter judgment for the defendant.

*Reversed.*