## Wytheville

LYNCHBURG TRACTION AND LIGHT COMPANY, A CORPORATION, v. FLORENCE GARBEE.

June 16, 1932.

Present, Campbell, C. J., and Holt, Epes, Gregory and Chinn, JJ.

The opinion states the case.

*Barksdale & Abbot* and *J. W. Old, Jr.*, for the plaintiff in error.

*Hester & Hester*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Florence Garbee brought an action at law against the

Lynchburg Traction and Light Company, operator of the street cars in the city of Lynchburg, for damages occasioned by a collision between one of its street cars and an automobile owned and operated by Miss Garbee. The case was tried before a jury and resulted in a verdict of $1,000.00 in favor of Miss Garbee, upon which the trial court entered final judgment.

In the trial court Miss Garbee was the plaintiff and the Lynchburg Traction and Light Company, the defendant. They will be so alluded to here.

There are several assignments of error but in our view, the plaintiff is not entitled to recover in any event by reason of her contributory negligence. For the purpose of this decision it will be assumed that the defendant was guilty of primary negligence. It will be unnecessary to discuss any of the assignments of error other than the one based upon the contributory negligence of the plaintiff. The doctrine of the last clear chance was not relied upon in the trial court nor in this court. It is not to be considered.

The facts which we will now state are drawn, to a large extent, from the plaintiff's own testimony. She was driving her automobile with two lady companions in a northeasterly direction along Fort avenue in the city of Lynchburg. The avenue is approximately forty-five to fifty feet in width. Approximately twenty-five feet of the street is hard surface and used for traffic other than street cars. The other twenty or twenty-five feet immediately to the left or southerly from that portion used for vehicular traffic is occupied by a sidewalk and the car tracks of the defendant and the portion so used and occupied is separated from that portion which is used for other traffic by a concrete curb. In other words no motor or horse drawn vehicles are propelled or driven over that part of the street which is occupied by the street car tracks. The collision occurred at the intersection of Fort avenue with Oak Ridge boulevard. The end of the de-

fendant's street car line is at a point on Fort avenue 294 feet south of the street intersection, and just prior to the collision a street car had been operated to the end of the line and was standing there preparatory to returning to the business section of the city of Lynchburg. The plaintiff, proceeding down Fort avenue, saw the standing street car as she passed it. She desired to make a left turn from Fort avenue into Oak Ridge boulevard and in doing this it became necessary for her to drive her automobile sharply to the left and over the defendant's car tracks. She indicated that she desired to make a left turn by the proper signal and she proceeded across the tracks, according to her testimony, at some ten miles per hour, and just as she had nearly crossed the tracks the street car which she had just passed collided with her automobile causing the injuries for which she now seeks damages.

From the testimony of the plaintiff it is perfectly obvious that she drove from Fort avenue making a sharp left-hand turn, crossing the defendant's car tracks into Oak Ridge boulevard, without first looking to see if a street car was approaching from the rear or from her left. This is clearly indicated by her own testimony, a portion of which is as follows:

"Q. You say the street car was standing where?

"A. At the end of the line.

"Q. When you got ready to make the turn where was it?

"A. It was not near enough for me to see it, and bother anything about its being in my way.

"Q. Did you look to see at the time you made the turn whether the car or anything else was in your way?

"A. I was watching my turn and everything generally that came in my natural vision, but I had to look ahead.

"Q. When did you first see the street car before it hit you?

"A. Do you mean standing at the end of the car line?

"Q. No; after you passed it up there, when did you see it next?

"A. The next time I saw it, it was almost touching my face, it had hit me, I thought I was across the track when it hit me, *it hit from behind and I was watching ahead of me.*"

Again she testified in answer to these questions:

"Q. Now there is nothing which would impede your view or obstruct your view from your seat in the car of that street car track for the whole distance the street car ran, is there?

"A. No.

"Q. Nothing?

"A. No.

"Q. I further understood you to say as you made your turn your vision was in front of you in making your turn and you did not look back. Is that a fact?

"A. I was not supposed to look behind me, I don't know.

"Q. You were not?

"A. I was watching traffic generally.

"Q. And you did not look back to see where the street car was?

"A. I did not have to look back, I just took in a view this way and let an automobile pass me and went across the track and thought there was nothing in the way."

A plaintiff is entitled to the benefit of no better case than his own testimony presents. A fair construction of the testimony of the plaintiff here is that she drove her automobile on Fort avenue and made a left turn or drove at a left angle from her direct line of traffic across the car tracks of the defendant immediately in front of an approaching street car knowing that it was in close proximity, but failing to look and ascertain its position in order to make sure that she could turn and cross the tracks safely. Under such circumstances she was guilty of contributory negligence as a matter of law and her recovery against the defendant cannot be sustained.

The principles in the case of *Va. Electric and Power Co.* v. *Bennett*, 156 Va. 910, 159 S. E. 93, 94, are directly in point and controlling here. There, Bennett was driving along the Petersburg turnpike, and in the middle of the street were the tracks of the Electric Company. He made a left turn at a street intersection and attempted to drive across the tracks. He claimed that he looked up and down the track before starting across. Just as he was nearly across, a street car collided with his automobile, resulting in injuries to him. The only difference in the facts of that case and the one here is that the collision there occurred after darkness and the plaintiff there claimed that he looked for approaching street cars, while here the collision occured in the middle of the day and the plaintiff testified that she did not look in the direction from which the car came. The difference in the facts does not prevent the application and control of that case here. Justice Browning in delivering the opinion of the court, after having held the Electric Company guilty of primary negligence, said:

"If this were all, there would have been no such accident as that which occurred, with its lamentable incidents and results, but the plaintiff, in the night time, when darkness prevailed, except for the light afforded by the street electric lights and those on the street car in question, deliberately drove his automobile at a speed of three or four miles an hour on the railway track and while he was leisurely easing his car over the rails, without effective observation, permitted himself to be struck down by an oncoming car, which he admitted that he never saw.

"We do not see how we can escape the conclusion that this conduct and this admission upon his part convicts him of such contributory or concurring negligence as must defeat his recovery. To be sure, he testified that he looked both ways at two different periods of time; the second time when he was three or four feet from the track. Under

the rule adverted to we must accept this as true, but it has been held by this and other courts of like dignity that we are not bound to accept as true what in the nature of things could not have occurred in the manner nor under the circumstances mentioned, nor are we bound to accept the incredible. Our own opinion, from the testimony and the physical facts and happenings, is that the plaintiff candidly believed that he looked as narrated by him, but, if, in reality, he had done so, he would have been bound to observe the oncoming car. We think that the evidence points to the fact that he was much more concerned with the traffic on the turnpike than he was with what might happen to him on the track of the defendant. His conduct was a listless disregard of his own safety. It was negligence that at least concurred with that of the defendant, which precludes his right of recovery.

"Counsel for both sides have been diligent in their search for authorities to sustain their respective contentions and have filed forceful and able briefs. With this type of case the Virginia Reports are replete. The way is a beaten track and we shall not do more than to say, as Chief Justice Prentis said in the case of *Jones* v. *Va. Power Co.*, 153 Va. 704, 712, 151 S. E. 133, 135: 'There is no uncertainty as to the law which is applicable. The difficulty is to apply the conceded rules of law to the varying facts.

" 'The judgment in this case is supported by the rules applied in many cases, among which are: *Virginia Ry. & Power Co.* v. *Boltz*, 122 Va. 649, 95 S. E. 467; *Va. Ry. & Power Co.* v. *Harris*, 122 Va. 657, 95 S. E. 403; *Stephen Putney Shoe Co.* v. *Ormsby's Adm'r*, 129 Va. 297, 105 S. E. 563; *Washington-Va. Ry. Co.* v. *Struder*, 132 Va. 368, 111 S. E. 239; *Washington & Old Dom. Ry. Co.* v. *Thompson*, 136 Va. 597, 118 S. E. 76; *Marvel* v. *Va. Ry. & P. Co.*, 138 Va. 532, 121 S. E. 882; *Meade* v. *Saunders*, 151 Va. 636, 144 S. E. 711.' "

A similar principal was applied in the case of *Jones* v.

*Power Co.*, 153 Va. 704, 151 S. E. 133, 134, where the court, speaking through Prentis, C. J., quoted from the opinion of the trial judge as follows:

"There is no evidence that the plaintiff looked for an approaching car. There was no obstruction in the street except perhaps the car of the defendant company traveling north, and only one witness testified that there was a car going north. Then it follows that the plaintiff, without assuring himself that the line of traffic going south was clear, pulled out of the line of traffic going north on the southbound tracks of the defendant company, without either looking or listening for a car; and if he did this he is guilty of contributory negligence which will bar recovery. While it is true he is presumed to have exercised ordinary care unless the contrary is shown, but no person of ordinary intelligence or who is exercising the least care for his own safety would deliberately drive on the tracks of a street car company without (reasonably) assuring himself that the tracks were reasonably clear for a reasonably safe distance away. The court is aware of the rule of law which does not require the plaintiff to exercise that degree of care and caution when he is crossing the tracks of a street car company in a city street that is required of persons crossing a right of way of a railroad company; still a person should not be allowed to recover from a defendant street railway company, when he drives on the track of a defendant street railway company without assuring himself that the tracks are reasonably clear for a reasonably safe distance. Failing to have exercised this degree of care and caution, the court feels that the verdict should be set aside and a judgment entered for the defendant company * * *."

A like principle has been recognized and applied in many Virginia cases.

The judgment of the trial court is reversed and final judgment will now be entered for the defendant.

*Reversed.*