# Wytheville.

VIRGINIA ELECTRIC AND POWER COMPANY v.
MRS. CLARA B. KELLY.

June 18, 1931.

Present, Prentis, C. J., and Campbell, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*T. Justin Moore* and *Archibald G. Robertson,* for the plaintiff in error.

*Sinnott, May & Leaman,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Mrs. Kelly proceeded by notice of motion for judgment against the Virginia Electric and Power Company to recover for personal injuries sustained by being struck by a street car. She recovered a judgment against the company for $7,500.00 damages. The Virginia Electric and Power Company has applied for and obtained a writ of error. The parties will be referred to as plaintiff and defendant, having reference to their respective positions in the court below.

There are several allegations of negligence in the notice. The defendant denied negligence and filed, under the statute, a plea of contributory negligence. The case was presented to the jury on the question of the negligence of the defendant and the contributory negligence of the plaintiff. The familiar

doctrine of the last clear chance, which is usually sought to be brought in, in cases of this kind, is nowhere raised or insisted upon.

■ Shortly before 1 o'clock in the afternoon of December 24, 1928, the plaintiff alighted from a "one-man" street car and passed around the rear end in an attempt to cross a parallel track and was struck by a car coming from the opposite direction. The evidence discloses that the defendant maintains a double track on Fourth avenue, which runs north and south; that Fourth avenue intersects Althea street at right angles; that the plaintiff had lived for more than a year on the southwest corner of Fourth avenue and Althea street, just across the street from where she was injured, and was familiar with the physical surroundings; that she was thirty-three years of age at the time of the accident and employed by the Standard Oil Company in Richmond, and that she sometimes rode the defendant's street cars.

The northbound street car, on which the plaintiff was a passenger, was brought to a stop at the proper place at the intersection of Althea street to discharge passengers, and the plaintiff there alighted from the front end of the car, walked along the east side of the car to the rear, and then attempted to pass around the rear of the car across Fourth avenue to her home and walked across the northbound tracks just a few feet behind the car from which she had alighted. She testified that she continued to walk, looking straight ahead as she started across from behind the car, and she further testified that "just as I took about one step I started to turn to look north for traffic coming from the north, when, before I could turn my head all the way, the car struck me on my right side."

The space between the two tracks is forty-seven inches, and the distance between the overhang of two cars when passing is eleven inches.

Under these facts and for the purpose of deciding this case, we will assume that the defendant was guilty of some act of

negligence alleged in the notice of motion for judgment. It, therefore, becomes necessary to decide the sole question of whether or not the plaintiff was guilty of contributory negligence as a matter of law. We think she was.

Before the plaintiff reached the southbound track and before she had time to turn her head to see the approaching southbound car, she was struck by the overhang of that car. It is obvious that when she reached the rear end of the car from which she alighted until she passed entirely around the end, her vision of the oncoming southbound car was completely obstructed by the car from which she had alighted. If she had remained behind the car but for a few moments, this car would have moved away and she then could have seen the oncoming southbound car, but she failed to take this precaution and walked on towards the southbound track looking, as she stated, straight ahead. When she arrived nearly to that track she was struck.

It is self-evident that the plaintiff, in attempting to cross the parallel track from behind the end of the car, when her view was completely obstructed, thereby placed herself in grave and imminent danger, and her own testimony shows, beyond doubt, that she took no precaution for her own safety. As a matter of law, she was clearly guilty of contributory negligence.

The plaintiff's duty, under the facts stated, was to have waited behind the standing car, in a place of safety, until it moved away, when she could easily have seen whether or not there was a car moving on the southbound track. This she failed to do. She proceeded across the southbound track, without first looking and ascertaining that her course was clear. This failure on her part to exercise the common prudence and ordinary care required of her under such conditions was contributory negligence as a matter of law and bars her recovery.

The plaintiff insists that the case of *Bass* v. *Norfolk Ry., etc., Co.,* 100 Va. 1, 40 S. E. 100, in which a recovery was

sustained under similar facts, is controlling here. That case was decided in 1901 when we knew little about congestion in our streets. We did not have rapid transportation in those days and the motor car had not supplanted horsedrawn vehicles. The ordinary care a pedestrian should have exercised then, in avoiding the danger of traffic, was not, necessarily, so great as the care he must exercise in modern times. With the coming of the swift-moving automobile and modern transportation facilities, pedestrians, in crossing streets, must exercise a much greater degree of care than they were compelled to exercise then. They must exercise care commensurate with the danger, and every one knows that the danger from traffic now is much greater.

One significant point seems to stand out in the *Bass Case,* and that is that the court was there applying the law applicable to pedestrians at street crossings, when as a matter of fact the pedestrian in that case was not crossing the street at a street crossing, but a car length from the street crossing. When that case was decided the danger of crossing the street at any point was not great, and, consequently, the corresponding care to be exercised was not great. Again, in that case the person injured was not familiar with the physical surroundings. He was a stranger in the city. In the present case the plaintiff was familiar with the surroundings. In all other respects that case is similar to the one under review.

It may be true that we should give great consideration to the decision in the *Bass Case* because it is somewhat similar to the case here, and it has been a precedent and accepted in the State for a number of years, but where a decision like it finds its origin in conditions so changed from those now existing, and this court from time to time has found it necessary to avoid the effect of it, in order to meet the needs of new conditions, it would seem that we should adopt a modern rule in keeping with the age in which we live. We, therefore, do not

regard the *Bass Case* as controlling in the present case nor do we feel compelled to follow it.

We prefer to rest the decision in this case upon the principles applied in that line of cases of which the cases of *Virginia Railway & Power Co.* v. *Boltz,* 122 Va. 649, 95 S. E. 467, and *Jones* v. *Virginia Electric & Power Co.,* 153 Va. 704, 151 S. E. 133, are typical. While the facts in those cases are not similar to those of the instant case, the principles there announced are applicable to the facts presented here. We will not attempt to review all of the cases of this character which this court has decided. There are varying facts in each case, and while the principles of law are the same, those principles have been applied to the particular facts in those cases; therefore, it is of little assistance to quote from them and restate the facts when they are so different from the facts in this case.

In a case where the facts were similar the Court of Appeals of New York in *Reed* v. *Metropolitan Street Railway Co.,* 180 N. Y. 315, 73 N. E. 41, 42, held: "The situation discloses the failure to exercise ordinary caution. A person passing behind the rear of a car and stepping on to the track, where a car may be approaching from the opposite direction, is bound to satisfy himself that the way is clear. It is apparent that the slightest caution on the part of this plaintiff would have advised him of the presence of the approaching car and avoided this accident."

Counsel for the plaintiff makes the point that there is a difference in those cases where a pedestrian steps from behind an obstruction, which prevents a view of the oncoming car, and the case where a pedestrian, without looking, steps in front of a car when there is nothing to obstruct his view. Upon principle there is no difference. If the view is obstructed, it is the duty of the pedestrian to wait until the obstruction is removed in order that he can look effectively rather than to go blindly on a parallel track, where, ordinarily, he should know that a car coming from another direction would likely approach

at any time. If he proceeds from behind an obstruction, where he has no view, on to another parallel track, without ascertaining whether another car is approaching on that track, then he is just as guilty of contributory negligence as he would have been had he stepped immediately in front of an oncoming car where his vision was not obstructed and he could have seen the car had he looked.

The conclusion that we have reached—that the plaintiff was guilty of contributory negligence as a matter of law and cannot recover—necessarily renders the other points raised in the case immaterial and, therefore, it is not necessary to discuss them.

The judgment is reversed and final judgment is here entered for the defendant.

*Reversed.*