# CIRCUIT COURT OF HENRICO COUNTY

Government Employees Ins. Co.

v.

Northern Virginia
Rent-A-Car, Inc.,
t/a Budget Rent-A-Car

Case No. CL99-1162

BY JUDGE GARY A. HICKS

November 29, 2000

*Stipulation of Facts*

The Plaintiff, Government Employees Insurance Company ("GEICO"), by counsel, and the Defendant, Budget Rent A Car Systems, Inc., successor in interest to Rapid Rentals, Inc., trading as Budget Rent A Car ("Budget"), by counsel, enter the following stipulation of facts for the purpose of trial.

On November 22, 1994, Gregory Egazarian entered into an agreement with Budget at Washington National Airport for the rental of a Mazda 626 automobile (the "Vehicle"). At the time Budget rented the Vehicle to Egazarian, it was engaged in the business of renting automobiles without drivers and was self-insured in accordance with § 46.2-368 of the Code of Virginia. Egazarian rented the Vehicle to make a personal trip to Connecticut. At the time he entered into the rental agreement, Egazarian contemplated that he would rent the vehicle until November 27, 1994. Budget did not rent the Vehicle to Egazarian (1) for demonstration as a prospective purchaser, (2) for convenience during the repair or service of a vehicle owned by Egazarian, or (3) for a period of six months or more.

On November 28, 1994, Egazarian was operating the Vehicle on Duke of Gloucester Street in Anne Arundel County, Maryland. On that same day, Darrel G. Stubbs was operating an automobile owned by him on Compromise

Street in Anne Arundel County, Maryland. The two automobiles collided at the intersection of Compromise Street and Duke of Gloucester Street. Stubbs filed a Complaint in the United States District Court for the District of Maryland seeking damages for personal injuries sustained in the accident in the amount of $250,000.00.

At the time of the accident, Egazarian was insured under a policy issued by GEICO. On June 18, 1999, GEICO and Stubbs engaged in an arbitration in which the arbitrator entered an award of $65,000.00. Pursuant to the arbitration award and the terms of its policy, GEICO, Egazarian, and Budget obtained a release from Stubbs for the sum of $65,000.00. In executing that release, Stubbs also released "all other persons, firms, corporations, or other entities liable or who might be claimed to be liable, of and from all actions, causes of action, claims, counterclaims, cross-claims, third-party claims, and demands, damages, and costs" arising from the accident between Stubbs and Egazarian.

July 11, 2001

This action is before the Court to determine which of the parties has primary liability for an auto accident that occurred on November 28, 1994. The Court, on the relevant issues, makes the following findings of facts and conclusions of law to rule accordingly.

*Facts*

There is no disagreement as to the relevant facts of the case. The facts of this case were stipulated to by the parties in a "Stipulation of Facts" filed November 29, 2000. That document is hereby incorporated by reference into this letter opinion. Following the aforementioned accident, the claim of the injured driver was submitted to arbitration, and Government Employees Insurance Company paid the award of $65,000. This action was then filed by GEICO to obtain indemnification from Northern Virginia Rent-A-Car, Inc., t/a Budget Rent-A-Car, in the amount of $25,000.

*Question Presented: Does the "omnibus clause" of Virginia Code § 38.2-2204 apply to certificates of self-insurance issued to car rental agencies, therefore making the rental agencies primarily liable?*

To answer this question, the Court must first look to the statute itself. The statute in question provides:

A. No policy or contract of bodily injury or property damage liability insurance, covering liability arising from the ownership, maintenance, or use of any motor vehicle. ...

B. For aircraft liability insurance. ...

C. No policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle. ...

D. Any endorsement, provision, or rider attached to or included in an such policy of insurance which purports or seeks to limit or reduce the coverage afforded by the provisions required by this section shall be void. ...

Va. Code Ann. § 38.2-2204, Liability insurance on motor vehicles, aircraft, and watercraft; standard provisions; "omnibus clause."

The statute comes from Title 38.2 Insurance of the Virginia Code. This title also contains a statute that outlines the necessary components of a policy or contract of insurance, § 38.2-305. That section provides that:

A. Each insurance policy or contract shall specify:
1. The names of the parties to the contract;
2. The subject of the insurance;
3. The risks insured against;
4. The time the insurance takes effect and, except in the case of group insurance, title insurance, and insurance written under perpetual policies, the period during which the insurance is to continue;
5. A statement of the premium, except in the case of group insurance and title insurance; and
6. The conditions pertaining to the insurance.

Va. Code Ann. § 38.2-305.

The Court next turns to the legal authority on the topic, namely the holding of the Supreme Court in *Yellow Cab Co. of Va., Inc. v. Adinolfi*, 204 Va. 815, 134 S.E.2d 308 (1964). In that case, the issue presented was whether the self-insured car rental agency was required to provide uninsured motorist coverage on its rental vehicles. The Supreme Court held that the car rental agency was not required to provide uninsured motorist coverage for its rental vehicles based on its reading of the relevant statues, namely Virginia Code § 38.2-2206 and § 46.1-395. Virginia Code § 46.1-395 is the predecessor to § 46.2-368, the current self-insurance statute. The two statutes are virtually the same, especially for the purposes of this case.

Virginia Code § 38.2-2206 provides that a policy or contract of insurance must include uninsured motorist coverage. The Court reasoned that a certificate of self-insurance was not a "policy or contract" of insurance within the purview of the statute. The Court stated, "it is obvious that an insurance company writing motor vehicle liability insurance, and not a self-insurer under the provisions of Code § 46.1-395, is the only party required to discharge the obligations under the mandatory uninsured motorist endorsement in an insurance policy." *Yellow Cab*, 204 Va. at 819.

The Court also expressly noted that "insurance is a matter of contract. ... No entity actually insures itself. A necessary element of insurance is the existence of a contract between insurer and insured, and an entity cannot contract with itself." *Id.* at 818, citing 1 *Couch on Insurance* 2d. In examining the uninsured motorist statute, the Court held that the statute as written "presupposed the existence of a policy. If there is no policy, these provisions do not apply." *Id.*

This holding is important because the code sections are strikingly similar. Code § 38.2-2206 begins, "no policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle. ..." which is the identical wording to that of Code § 38.2-2204.

The argument has been advanced by GEICO that *Yellow Cab* is no longer good law, in light of the statutory changes effected by the General Assembly following the ruling of the Court. This argument overlooks the fact that the Supreme Court has never explicitly overruled *Yellow Cab* and that the General Assembly made no changes to Virginia Code § 38.2-2206.

However, in 1972, in the wake of the *Yellow Cab* decision, the General Assembly changed the self-insurance statute to require self-insurers to carry uninsured motorist coverage on all of their vehicles; *the General Assembly did not change the uninsured motorist statute*. This is significant because the thrust of the decision of the Virginia Supreme Court was that the wording of the uninsured motorist statute, i.e. "policy or contract," did not require holders of self-insurance certificates to provide uninsured motorist coverage.

The omnibus statute, § 38.2-2204 is identically worded. It, too, references a "policy or contract" and does not say "certificate of self-insurance." The *Yellow Cab* ruling was supported by the reasoning of the Court that the wording "policy or contract" does not encompass a certificate of self-insurance. That reasoning has not been overturned.

There is a case, one which has not been advanced by either party, *William v. City of Newport News*, 240 Va. 425, 428, 397 S.E.2d 813 (1990), in which the Supreme Court stated that "*Yellow Cab* is no longer controlling." The issue in the case was whether the City, as a holder of a certificate of

self-insurance, must provide uninsured motorist coverage to an injured employee. The Supreme Court held that uninsured motorist coverage was required, as the General Assembly had amended the motor vehicle code to require holders of self-insurance certificates to provide uninsured motorist coverage.

The Supreme Court makes an express notation in *William* of the fact that Va. Code § 38.2-2206 "still refers primarily to policies, contracts, and insurance companies." *Id.* The Supreme Court does not make any mention of legislative intent with regard to the General Assembly's choice to not amend the insurance code to say that "policies or contracts of insurance" was meant to include certificates of self-insurance.

As there are two parts to every holding,[1] the reasoning behind the court's ruling and the practical effect the holding has on the case at hand, this Court finds that the Supreme Court's reasoning behind its ruling in *Yellow Cab*, that "policies or contracts of insurance" are not equivalent to certificates of self-insurance, is still good law. The effect and practical holding of *Yellow Cab* may no longer be controlling in light of the change to the motor vehicle statute by the General Assembly, but until the Supreme Court says otherwise, this Court is of the opinion that the case has not been overruled, nor has the reasoning behind the *Yellow Cab* opinion been discarded.

Like the Supreme Court in *Yellow Cab*, this Court has an obligation "to construe the statutes as written and not to enter the realm of legislation by either adding to or subtracting from them." *Yellow Cab*, 204 Va. at 821. It is not the province of this Court to intrude on matters best left to the executive branch of government.

GEICO has advanced two additional arguments in this matter. The first is that statutory interpretation requires a court to give meaning to all words in a statute and to not treat any language as superfluous. While it is true that a court, when engaging in statutory interpretation, is required to view every word used by the General Assembly as important and having meaning, the court need not give every word and phrase its broadest possible reach. This argument is not persuasive.

---

[1] See *Virginia Elec. & Power Co. v. Kelly*, 156 Va. 916, 159 S.E. 75 (1936). The Supreme Court there found that a past case was no longer controlling where the conditions surrounding the facts has so changed that the Court found it necessary to "avoid the effect of it." *Id.* at 920. Here, the effect of *Yellow Cab* has been nullified by the General Assembly's amendment of the motor vehicle code. Its reasoning has never been overruled, nor has the Supreme Court made any statement with regard to the legislative intent of the General Assembly.

Virginia Code § 46.2-368(C) sets out two exceptions to the liability on a judgment of the certificate holder: where the driver is not a permissive user and where the driver who is a permissive user prejudicially fails to cooperate in the defense of the claim. GEICO argues that the exceptions would be superfluous were the car rental agency to never be held primarily liable for accidents involving its vehicles.

The exceptions in subpart C of the statute are not superfluous because they apply in cases other than matters identical to the one before the court. For instance, if GEICO's insured only carried the minimum insurance amount required by law, i.e. $25,000 and $50,000, and the arbitrator decided that the injured plaintiff was entitled to $100,000, it would seem then that GEICO would only be liable up to its policy limits and Budget would therefore be liable for the remainder up to its self-insurance limits. The aforementioned exceptions would then come into play, relieving Budget of liability were the driver either not a permissive user or where the driver prejudicially failed to cooperate in defense of the claim.

The second of GEICO's additional arguments is that the public policy of Virginia requires that Budget be held primarily liable for accidents that occur involving their rental vehicles. At the crux of the argument is Virginia Code § 46.2-108, which requires that those in the business of renting cars without drivers insure their vehicles to the extent of § 46.2-705. In fact, the failure to insure one's driverless vehicles is a criminal offense, punishable as a class one misdemeanor. Virginia Code § 46.2-705 states that an insured motor vehicle is one which carries either liability insurance issued by an insurance carrier or a bond delivered in lieu of insurance, or who's owner has qualified as a self-insurer in accordance with § 46.2-368. To so qualify, the owner must show that he is financially able to respond to a judgment arising out of the ownership, maintenance, use, or operation of his vehicles as provided in Chapter 3, Licensure of Drivers.

GEICO has alluded to the argument that to not hold Budget primarily liable would be the equivalent of allowing them to "pass the buck" to GEICO. The effect of allowing the car rental agency to self-insure, and not be primarily liable, is to allow the agency to have insurance companies, such as GEICO, to be the true insurers of their rental vehicles. When a driver rents a vehicle from a car rental agency, the agency offers the driver a supplemental liability policy. If the driver accepts it, and pays for it, Budget itself insures the vehicle. If the driver does not accept the supplemental insurance, the driver signs a form which indicates that he intends for his insurance company to provide coverage. In either scenario, GEICO argues, Budget is not insuring the vehicle; the renter/driver or the insurance company of the driver/renter is.

GEICO argues that not holding the car rental agency primarily liable circumvents the intention of the General Assembly in enacting § 46.2-108.

This Court is of the opinion that GEICO's public policy argument is very persuasive, and has merit. Also, while not stated, it would seem that the intent of the General Assembly would be to require car rental agencies to insure their vehicles, in the interests of the public. Further, the General Assembly has made insuring those vehicles easier for rental agencies, presumably taking note of the expense of insurance premiums through insurance companies, by allowing rental agencies who qualify to hold a certificate of self-insurance.

However, it is the judgment of this Court that, in light of the *William* decision and its review and treatment of *Yellow Cab*, as well as the method by which the General Assembly amended the statutes in the wake of the *Yellow Cab* decision, this Court has no choice but to hold that car rental agencies who self-insure are only secondarily liable for accidents involving their vehicles.